## John Caulfield *v.* Cornelius Van Brunt, Appellant.

*Equitable assignment—Contingent and expected payments—Intent to assign and accept.*

Equity will support assignments of contingent and expected payments where the agreements are fairly entered into and it would not be against public policy to enforce them; and anything which shows an intent to assign on one side and receive on the other, will operate as an equitable assignment.

*Sale—Change of possession—Bailment.*

The retention of possession by a debtor of personal property which he has sold misleads his creditors, and is therefore constructively fraudulent as to them; but where the chattel is in the actual physical possession of another than a debtor at the time of the transfer, no creditor can be misled to his hurt.

If a chattel sold be in the actual possession of the bailee of the debtor, and the vendor does not retake possession, the sale is good as against creditors.

*Sale—Change of possession—Chattel mortgage—Bailment—Fraud—Constructive fraud—Foreign attachment.*

B. was the owner of a machine upon which he had given a chattel mortgage in New York to defendant. The mortgage was not recorded, and under the laws of New York was therefore not a lien upon the machine. While the machine was in B.'s possession in New York, he sold it to M. & W. under an optional sale, and delivered it to them in Philadelphia. A bill of sale was rendered to M. & W. by B. in his own name. B. subsequently agreed with defendant that the purchase money of the M. & W. machine should be appropriated towards payment of the mortgage debt. He accordingly forwarded a note to M. & W. to be signed by them, and in the letter inclosing it he said it was to be transferred to defendant. On the following day defendant wrote to M. & W. stating that B. had assigned to him the purchase money, and requesting them to send to him the note. M. & W. subsequently claimed that the machine was not satisfactory and refused to accept it. While still in M. & W.'s possession the machine was attached in foreign attachment by plaintiff, a creditor of B. There was no evidence of actual collusion between B. and defendant to defraud B.'s creditors. *Held,* (1) that although the mort-

gage in New York had not been recorded, it was good as between the parties themselves, and as between them the legal title to the machine was in the plaintiff; (2) that the equitable assignment of the purchase money from B. to plaintiff carried with it to plaintiff the right of possession of the machine when M. & W. declined to purchase; (3) that after the notice of the assignment to M. & W. there was no longer a right in B. to demand possession as against his assignee, the plaintiff; (4) that it was immaterial that under the optional sale the payment was not of a thing in esse, as the machine itself was existent, and one or the other passed to defendant on the contingency of an acceptance by M. & W.; (5) that under the facts of the case the elements of constructive fraud under the statute of 13 Elizabeth, were absent; (6) that it was for the jury to determine from the evidence whether the transaction between B. and defendant was collusive and fraudulent as to creditors; (7) that if it was not, there was no such possession or right of possession in B. which rendered it constructively fraudulent as to plaintiff.

Argued Jan. 15, 1896.   Appeal, No. 98, July T., 1895, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1893, No. 151, on verdict for plaintiff.   Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ.   Reversed.

Foreign attachment.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff.   Defendant appealed.

*Error assigned* was in directing verdict for plaintiff.

*Rudolph M. Schick*, for appellant.—This mortgage was not recorded, but as no creditors intervened while the machine was in New York this does not appear to be a material circumstance. It was certainly sufficient to vest the title to the machine in Van Brunt, as between him and Bogert: Boyle v. Rankin, 22 Pa. 168; Coble v. Nonemaker, 78 Pa. 504.

At any time after the machine was removed to this state, it was in the power of Van Brunt to take possession of it, and had he taken manual possession before Caulfield's attachment was levied it would have been protected from the attachment: Hoofsmith v. Cope, 6 Whart. 53; Smith v. Stern, 17 Pa. 360; McMarlan v. English, 74 Pa. 296; Hineman v. Matthews, 138 Pa. 204.

A sale of personal property in the hands of a bailee is good

against an execution creditor, though there be no actual delivery if the vendor does not retake possession : Linton v. Butz, 7 Pa. 89 ; Bank of Penna. v. Delanco, 1 Phila. 104.

It is clear that if Moore & White had accepted the machine, even after the attachment, the equitable powers of the court would have sustained the order of Bogert to pay the price to Van Brunt as an equitable transfer of a possibility taking effect immediately upon the acceptance of the machine : 1 Pomeroy's Equity Jur. sec. 373 ; Richardson v. Stewart, 2 S. & R. 83 ; Mehaffy v. Share, 2 P. & W. 361.

*George R. Van Dusen*, for appellee.—That the retention of possession by Bogert under circumstances such as in this case was, per se, a fraud against creditors has been held by this court in an unbroken line of decisions from Clow v. Woods, 5 S. & R. 275, to this time ; Stephens v. Gifford, 137 Pa. 219, and Janney v. Howard, 150 Pa. 339, being amongst the latest cases in which this proposition has been reiterated.

Even had the mortgage been recorded in New York, and the law there permitted the mortgagor to retain possession, if the mortgagee had allowed the property to be brought into this state, his right to the property would be lost as against bona fide purchasers and creditors.

The case of Richardson v. Stewart, 2 S. & R. 83, cited by appellant, was one of ejectment. It was cited by HUSTON, J., in Mehaffey v. Share, 2 P. & W. 361, to support the proposition that an assignment of a particular claim passes all remedies and liabilities which the assignor had to secure and recover it to the assignee. It might be relied on if this were an action by an assignee of Van Brunt against Bogert, but it is without application to the case in hand.

OPINION BY MR. JUSTICE DEAN, February 3, 1896 :

John L. Bogert, a citizen of New York, was a debtor, by judgment, of Caulfield, a citizen of Pennsylvania, plaintiff, in sum of $248. On this debt the plaintiff issued a writ of foreign attachment and levied it on a turret engine lath machine in the possession of Moore & White, of Philadelphia, averring the machine to be the property of Bogert. The machine was claimed by Van Brunt, this defendant, who was permitted to interplead.

The garnishees, Moore & White, at the suggestion of Van Brunt, pleaded *nulla bona*, and the issue thus framed came on for trial in the court below. From the answers of garnishees to the interrogatories and other evidence, defendant claimed the following facts were established: Bogert, in 1890, was a manufacturer of machinery at Flushing, New York; Van Brunt was a resident of New York city, and had advanced to Bogert, prior to January 17, 1890, at different times money to the amount of $5,425. To secure payment of these advances Bogert executed and delivered to Van Brunt a chattel mortgage on twelve machines, six of which were in a store in New York city, and six, among them that in dispute, remained in Bogert's possession. This mortgage, under the laws of New York, was good if recorded, even as against creditors ; it was not, however, recorded. The mortgaged machines were sometimes sold by Van Brunt and sometimes by Bogert, the latter making bills of sale in his own name, but generally with the consent and approval of Van Brunt. On June 21, 1893, Bogert sold one of the mortgaged machines in his possession to Moore & White at the price of $800, payment to be made by note at four months, dated September 1, 1893, bearing interest thirty days after shipment of machine. If, however, the purchasers, before September 1, should decide the machine was not satisfactory, Bogert was to retake it into his possession. Moore & White received the machine in June, 1893, and a bill of sale was rendered them by Bogert in his name. At this time about $3,400 of Van Brunt's debt secured by the mortgage had been paid him, leaving $2,000 still unpaid. On July 18, 1893, an obligation of Bogert to Van Brunt, amounting to over $1,000, part of the money secured by the mortgage, was about to mature ; Bogert agreed with Van Brunt, that the purchase money of the Moore & White machine should be appropriated towards payment of the $1,000, and forwarded a note to Moore & White in sum of $850, to be signed by them, and which in the letter inclosing it he said was to be transferred to Van Brunt; the next day, Van Brunt wrote Moore & White, stating Bogert had assigned to him the purchase money, and requesting them to send to him the note. To this, Moore & White replied to Van Brunt, that as soon as they had accepted the machine they would notify him. On September 7, Van Brunt again wrote Moore & White requesting them to

forward the note; to this they replied, the machine was not satisfactory; that they would not accept it, and would return it to Bogert; to this Van Brunt replied, the machine was subject to his order by virtue of his agreement with Bogert; to this Moore & White replied, the machine had been attached by Caulfield, the plaintiff in this suit.

On these facts, of which there was evidence, the learned judge of the court below peremptorily directed a verdict for plaintiff; no charge or opinion is filed.

It was argued, not without reason, that no collusion between Bogert and Van Brunt, or intention on part of either to defraud creditors, was proven; therefore, we assume that under the authority of Clow v. Woods, 5 S. & R. 275, and the long line of cases which follow it, the court was of opinion the transaction was constructively fraudulent as to creditors. But was it? From the evidence the jury could have found the transaction between Bogert and Van Brunt was not tainted by actual fraud. True, the mortgage had not been recorded, and was not valid as against New York creditors for that reason; but it was good as between the parties, and as between them the legal title to the machine was in Van Brunt. With the presumed consent of the latter the machine is placed in the possession of Moore and White on an optional sale. By arrangement between Bogert and Van Brunt there is an equitable assignment of the purchase money to the latter, of which Moore & White had notice. If believed, this clearly carried with it to Van Brunt the right to possession of the machine when Moore & White declined to consummate the purchase. The actual possession of the machine ceased to be in Bogert when he put it in possession of Moore & White; the right to the possession, when they refused to keep it, had passed to Van Brunt by the assignment of the purchase money and notice of the assignment to Moore & White; there was no longer a right in Bogert to demand possession as against his assignee, Van Brunt. It is not important that under the optional sale the payment was not of a thing in esse; the machine itself was existent; one or the other passed to Van Brunt, defendant, on the contingency of acceptance by Moore & White. Equity will support assignments of contingent and expected payments, where the agreements are fairly entered into, and it would not be against public policy to

enforce them : Story's Equity, sec. 1040 ; Field v. The Mayor, 6 N. Y. 179. And anything which shows an intent to assign on one side and receive on the other will operate as an equitable assignment : 3 L. C. in Eq. 307.

As between Bogert and his creditors his actual continued possession of the machine under an unrecorded mortgage would have been constructively fraudulent, but when he transferred the actual possession to Moore & White, and then by the assignment to Van Brunt relinquished the right to reclaim possession, and Van Brunt asserted his right by notice to Moore & White, the elements of constructive fraud under the statute of 13th Elizabeth are absent. Moore & White then were mere bailees of Van Brunt if the facts be established as defendant avers them. If in their possession as bailees, the machine was not subject to seizure at the suit of Bogert's creditors. This is the decision in Linton v. Butz, 7 Pa. 89, where it is held that if the chattel sold be in the actual possession of the bailee of the debtor, and the vendor does not retake possession, the sale is good as against creditors.

In determining the questions involved in a transaction of this nature, where the actual possession of the personal goods is not in the debtor at the time of the seizure by the creditor, much depends on the intent or good faith of the parties. Clow v. Woods, supra, is based on the apparent want of change in the situation after the sale or transfer; that must not seem to be which is not; the retention of possession by the debtor of that which he has sold misleads his creditors, and therefore is constructively fraudulent as to creditors. But where the chattel is in the actual physical possession of another than the debtor at the time of transfer no creditor can be misled to his hurt.

We think the case was one for the jury. It was for them to find from the evidence, whether the transaction between Bogert and Van Brunt was collusive and fraudulent as to creditors. If it was not, there was no such possession or right of possession in Bogert as renders it constructively fraudulent as to this plaintiff.

The judgment is reversed and a v. f. d. n. awarded.