# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## Selznick, Appellant, v. Holmes Pittsburgh Automobile Co. et al.

*Sales—Contract—Payment—Replevin—Memorandum in writing —Sales Act of May 19, 1915, P. L. 543.*

1. Payment of a debt may be made in commodities as well as in money.

2. Property in the hands of a bailee passes when the sale of it is complete, and no·formal delivery is necessary.

3. Where an owner of an automobile worth more than $500, then in a garage for repairs, delivers the car to his creditor in part payment of a debt, introducing the·creditor to the proprietor of the garage as its new owner, the transaction is a payment of a debt and not a sale of the car, requiring a memorandum in writing as provided by the Sales Act of May 19, 1915, P. L. 543.

4. In such case, the delivery is complete, and if the new owner takes the car and returns it later to the same garage for repairs, the original owner cannot replevy it on the theory that the former transaction was an invalid sale in violation of the Sales Act.

5. By its terms, the act does not apply where the buyer accepts and receives the goods in part payment.

6. The Sales Act does not apply to an executed contract, but only to a case where it is endeavored to enforce a sale by action or where there is a party to be charged.

Argued May 16, 1922. Appeal, No. 99, Oct. T., 1922, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1921, No. 13, on verdict for defendants in case of Sol Selznick v. Holmes Pittsburgh Automobile Company, a

copartnership, and John Mellott, Intervenor.   Before
MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and
SCHAFFER, JJ.   Affirmed.

Replevin for automobile.   70 Pitts. L. J. 772.   Before
REID, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendants.   Plaintiff appealed.

*Error assigned,* inter alia, was refusal of plaintiff's
motion for judgment n. o. v., quoting record.

*Earl F. Reed,* with him *Simon Sher,* for appellant.—
Acceptance is ineffectual until there is a delivery:
Hinchman v. Lincoln, 124 U. S. 38.

There was no delivery by the seller to take the contract
out of the statute.

*Sidney J. Watts,* for John W. Mellott, appellee.

*Charles F. Patterson,* for Holmes Pittsburgh Automobile Co.

OPINION BY MR. JUSTICE SCHAFFER, June 24, 1922:

Plaintiff issued a writ of replevin against the Holmes
Pittsburgh Automobile Company and thereby obtained
possession of an automobile, in its garage, which he
claimed to own.   John Mellott intervened as the real
party defendant, alleging plaintiff had sold the car to
him.   The verdict was in favor of the intervenor, subject
to the lien of the Holmes Company for repairs.   Judgment was entered on the verdict and plaintiff has appealed.

Plaintiff owned the automobile and was indebted to
Mellott in a considerable sum on a contract for the sale
of coal lands.   Mellott alleged that plaintiff turned over
the automobile in question and another one in part payment of this indebtedness; this plaintiff denied.   The

verdict establishes Mellott's contention that he received the car in part payment of his debt.

The fourth section of the Sales Act of May 19, 1915, P. L. 543, Stewart's Purdon 7473, provides: "A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." The position of appellant is that the sale of the automobile, which was worth more than $500, is invalid so far as he is concerned, because there was no memorandum in writing of the transaction as required by this section of the act, and because the chattel, at the time of the alleged agreement, was in the possession of his bailee and no direction was given by the seller to deliver.

The circumstances involved in the transaction from Mellott's standpoint, from which on this appeal we must consider them, the verdict being in his favor, may be briefly stated as follows: The car when it belonged to plaintiff was in the garage of the Holmes Company. He and Mellott agreed that the latter would accept the automobile at a valuation of $1,800 in part payment of, and to be credited on, an indebtedness then due by plaintiff to Mellott. No memorandum in writing of the transaction was made and no receipt was given for the price. Plaintiff and Mellott went to the garage and there plaintiff introduced Mellott to its manager as the new owner of the car, saying "This is Mr. Mellott, I have sold this car to him, and any repairs, after this, charge to Mr. Mellott." In legal effect, this was a notice to the manager to deliver the car to Mellott when the repairs were completed. Subsequently the latter's son went to the garage, took possession of the car on behalf of his father, who

retained the possession thereafter, but several months later sent it to the same garage for repairs, where it was when plaintiff replevied it.

Under the facts above outlined, the fourth section of the Sales Act has no application. Appellant admits in his printed brief "that where a contract, otherwise invalid under the statute, has been fully executed it cannot be attacked." The transaction in question was executed, not executory, and in reality not a sale in the strict legal sense, but payment; payment can just as well be made in commodities as in money and when a commodity is turned over and received in payment of an existing debt due by the transferor to the transferee, the Sales Act does not touch the transaction. By its terms the act does not apply where "the buyer shall accept part of the goods......and actually receive the same; or give something......in part payment." Here appellee received the whole of the goods and gave the credit in part payment.

Plaintiff alleges there was no fully executed sale because there was no delivery of the car to Mellott. It will be noticed that nondelivery is not set up by a creditor of the seller or by another purchaser from the seller, but by the seller himself. A sale of personal property in the hands of a bailee is good even against an execution creditor, though there be no actual delivery, if the vendor does not retake possession,—and so, if the vendee takes possession and leaves the property with the former bailee for a special purpose: Linton v. Butz, 7 Pa. 89. What was there said is quite apropos here: "At the sale, the article sold was not in the possession of the vendor, but in the hands of another, as bailee; and the vendor did not take it again into his own possession. Hence the property being in the hands of the bailee, the only possession was given of which it was susceptible. That is all that is required......In case of bailment, property passes when the sale is completed and no formal delivery is necessary. That there was a sale here, is fully proved.

That it was in the possession of another, when sold, also appears. Nor is it pretended that the possession was ever resumed by the vendor. The sale was complete, nothing remaining to be done." The rule laid down in that case has been consistently followed: Caulfield v. Van Brunt, 173 Pa. 428.

Moreover, a close reading of the fourth section of the Sales Act demonstrates that it does not apply to a transaction such as the one we are considering, for a further reason. It provides: "A contract to sell or a sale of any goods......of the value of five hundred dollars or upwards *shall not be enforceable by action......*unless some note or memorandum in writing of the contract or sale be signed *by the party to be charged."* This is not a case where it is endeavored to enforce a sale by action nor where there is a party to be charged, within the meaning of the act; here a vendor is endeavoring to avoid his fully executed sale.

The assignments of error are overruled and the judgment is affirmed.