## Mosher, Executor, v. Grange National Bank of Susquehanna County.

*Bailment—Pledge of goods as collateral to bank—Transfer of possession—Title.*

Where a lessor of livestock and farm implements assigns such stock and implements while in the possession of the lessee to a bank as collateral security for the lessor's own debt, as physical delivery to the bank is impossible, it has a legal possession without actual delivery, and when the lease has terminated by default on the part of the lessee, the bank's possession is good as against creditors of the lessor.

Case stated in amicable action in *assumpsit.* C. P. Susquehanna Co., Aug. T., 1926, No. 263.

*J. M. Kelley,* for Walter R. Mosher, executor of Aaron M. Mosher, deceased.
*G. E. Gardner* and *T. A. Doherty,* for Grange National Bank.

SMITH, P. J., Aug. 9, 1926.—The subject-matter of this action is $1593.60, proceeds of sale by the defendant, agreed upon by the plaintiff, of a quantity of farm livestock and farm implements, and deposited, pursuant to the same agreement, in the said Grange National Bank of Susquehanna County in the name of F. J. Gere, trustee, to await the judgment of this court upon the present amicable action, on certificate of deposit bearing interest at 3 per cent. per annum from April 3, 1923.

Mosher, Executor, *v.* Grange National Bank of Susquehanna County.

From the agreement constituting the amicable action it appears that one C. E. Darrow, to wit, Oct. 2, 1922, became the bailee of the livestock and farm implements under written agreement from and with the said Aaron S. Mosher for the term of one year, agreeing at the expiration thereof to pay said Mosher for the use thereof $5063.62, and took possession thereof upon two farms in New Milford Township, in his occupancy and possession under a written lease from the same Aaron S. Mosher as lessor for the same one-year period as was the above bailment, and which occupancy and possession of both personal property and real estate continued to April 1, 1923.

On the same day of the execution of articles of both bailment and lease, viz., Oct. 2, 1922, Aaron S. Mosher, lessor and bailor, being then *bona fide* indebted to the said Grange National Bank of Susquehanna County, defendant at bar, as a guarantor of indebtedness of the said C. E. Darrow, bailee and lessee, as above stated, secured by his note to secure the payment of $3000, dated Sept. 12, 1922, executed and signed the following assignment to said defendant bank creditor upon the back of the contract of bailment of personal property above stated, viz.:

"Now, October 2, 1922, for value received, I hereby sell, assign, and set over to the Grange National Bank of Susquehanna County at New Milford, Pa., all my right, title and interest in the within personal property lease."

(Sgd.)    A. S. Mosher."

This assignment and transfer was made as collateral security for the payment of the indebtedness represented by the $3000 note to said bank, signed by C. E. Darrow and guaranteed by the said Aaron S. Mosher, being the same person as signing the collateral assignment "A. S. Mosher."

Additionally to his liability upon said guaranty, the said Aaron S. Mosher became *bona fide* indebted to the same bank upon his note dated Oct. 7, 1922, for the payment of $500, upon which was endorsed, signed by him, the following:

"The within judgment note carries with it the excess collateral security if any of that carried with two notes of C. E. Darrow for $1,500.00 each and endorsed by me."

This endorsement was also dated and executed Oct. 7, 1922, and signed "A. S. Mosher."

That at the filing of this case stated there was still unpaid upon the $3000 note above stated the sum of $2284, and upon the $500 note the sum of $380.11, being so reduced by the receipt by the bank of their *pro rata* share of the funds of said Aaron S. Mosher estate upon distribution scheduled by the auditor appointed by the Orphans' Court of this county.

We here note, further, that the said $3000 guaranteed note is the merger and renewal of the two $1500 notes mentioned in the endorsement upon the $500 signed by "A. S. Mosher," last above quoted in this opinion.

Aaron S. Mosher died Nov. 28, 1922, testate, and letters testamentary issued to the plaintiff at bar, Walter R. Mosher.

The case stated recites that "about the middle of March, 1923," C. E. Darrow (bailee and lessee) verbally notified the Grange National Bank of Susquehanna County, New Milford, Pa., that he was unable to pay the rent agreed upon in the articles of bailment, and terminated the bailment and surrendered to said bank all the personal property bailed, which he confirmed in writing March 27, 1923; and the next day the bank sold the same at public sale, realizing the proceeds now in controversy.

Mosher, Executor, v. Grange National Bank of Susquehanna County.

We should also add that at the audit above recited it was agreed that "all collateral held by said bank, after the payment of the debts for which said collateral was given, be delivered up by it to the said Walter S. Mosher, executor, for the use and benefit of the creditors of said (Aaron S. Mosher) estate."

The question thus submitted to us is whether the proceeds, $1593.60, of the sale of the stock and farm implements sold by the defendant bank should be paid to it or to the plaintiff. If to the former, then judgment to be entered for the plaintiff in the sum of $1593.60, with 3 per cent. interest to be computed from April 3, 1923; but if to the latter, then judgment to be entered for the defendant, with costs to be paid by the plaintiff, both parties reserving the right to appeal.

We should note that the averment of liability as set forth in the agreement for case stated first filed on the part of Aaron S. Mosher set forth that he was a signer of the $3000 note to the defendant bank; afterwards amended by supplemental agreement, submitted to us before argument and by us separately filed herewith, by averring such liability as guarantor of such note on which C. E. Darrow was the signer.

## Discussion.

What appears to be the last appellate decision on the point there involved, viz., Gump v. McDaniel, 42 Pa. Superior Ct. 429, decides that a sale of a chattel in the hands of a lessee is good against an execution creditor of the lessor, if the latter does not retake possession. And the opinion of Morrison, J., therein cites other authorities in support of this proposition, i. e., Linton v. Butz, 7 Pa. 89, followed by Stephens v. Gifford, 137 Pa. 219, and Caulfield v. Van Brunt, 173 Pa. 428; and the opinion of Mr. Justice Schaffer in the very recent case of Selznick v. Holmes P. Auto Co., 275 Pa. 1-4, quotes with affirmation from Linton v. Butz, 7 Pa. 89. The rule is the same where "the vendee takes possession and leaves the property with the former bailee for a special purpose." And as to the facts of the last case, he observed "at the sale, the article sold was not in the possession of the vendor, but in the hands of another as bailee, and the vendor did not take it again into his own possession. Hence, the property being in the hands of the bailee, the only possession was given of which it was susceptible. That is all that is required. . . . In the case of bailment, property passes when the sale is completed and no formal delivery is necessary." See, also, Woods v. Hull, 81½ Pa. 451.

In McAlevy v. McElroy, 10 Sad. 364, on the question of the essential of a required delivery of possession in such cases, the language of the charge of the court below to the jury that "No such change of possession as will defeat the fair and honest object of the parties is required," was one of the assignments of error, but affirmed on appeal.

The citations thus given relate to facts touching an absolute sale and transfer of title to personal property without regard to a pledge or assignment as collateral security for a debt by the vendor to a third person. But of the latter and analogous to the facts at bar we discover the case of In re Miller Pure Rye Distilling Co., 176 Fed. Repr. 606, opinion by McPherson, District Judge in the U. S. District Court, Eastern District of Pennsylvania, in which he cites and affirms several of the above cited Pennsylvania Supreme Court authorities. In that case the distilling company, more than four months previous to its bankruptcy, had secured by its note a loan of $2500 from the Pennsylvania National Bank of Reading, Pa., and as security for its

payment pledged as collateral three warehouse receipts and certain gaugers' certificates covering 200 barrels of whiskey in the company's bonded warehouse, duly endorsed by the debtor.

The note maturing and not paid, the bank tendered performance of requirements required by law to secure physical delivery of the whiskey to the bank. In reply, the trustee in bankruptcy denied that the bank had become the owner, because no delivery had been made to the bank, either actually or constructively, and that the whiskey was under the company's exclusive control and direction when the receipts were executed and pledged, and the trustee succeeded to the title. The court held that "actual delivery of spirits in a bonded warehouse cannot be offered by a pledgor or accepted by the pledgee. The spirits must remain where they are until the tax is paid and the Government formally permits the removal," and reversed the referee and directed the latter "to make an appropriate order under which the bank may be put in possession of the whiskey in dispute." The opinion further, while admitting "it is true that the Government was not a formal and technical bailee of the whiskey," adds, "but its possession and control were of such a character as not to be distinguished in effect from possession and control under a bailment."

Returning to the case at bar, we find, at the time of the assignment by Aaron S. Mosher to the bank as collateral security, C. E. Darrow in manual, physical possession of the personal property in suit as bailee of his lessor, and for the purposes of this case in this possession he was secure until April 1, 1923, by the terms of the bailment lease, for the rent reserved was not payable or collectible until then, and he actually retained possession until the day of sale of the property, March 28, 1923, with the evident purpose of fulfilling the terms of his bailment until "about the middle of March, 1923," when he notified the bank of his inability so to do, whereupon the bank proceeded to a public sale of the property, realizing the fund now in controversy.

Previous to the bailee's voluntary surrender of the bailment, neither the lessor, Mosher, had he not assigned to the bank, nor the latter, after such collateral assignment, could have secured a delivery to them of the bailed property; therefore, such delivery was effected to the bank as it was under the circumstances susceptible of.

Illustrating the analogy of the relative situation of parties and of the facts of the case cited from 176 Fed. Repr., *ante*, and those at bar, we may aptly say that the parties in the former are represented thus in the latter, viz.: The Pennsylvania National Bank by the Grange National Bank of Susquehanna County; the Distilling Company by Aaron S. Mosher; the Government by C. E. Darrow, and the trustee in bankruptcy of the Distilling Company by W. R. Mosher, executor, in the capacities of pledgee, pledgor, bailee and representative of contesting several creditors of the pledgor.

We are of the opinion that we are fully supported by the authorities and principles cited in the conclusion that title to the property and its proceeds in suit by the transactions agreed upon in the case stated vested in the Grange National Bank of Susquehanna County, defendant, and the fund in controversy being less than the agreed unpaid balance of the plaintiff's testator to the bank to which it was transferred, judgment must be entered for the defendant; therefore,

And now, to wit, Aug. 9, 1926, judgment is hereby entered upon the case stated in favor of the defendant. Exceptions noted and bill sealed for the plaintiff.