## Union Trust Co. of Pittsburgh *v.* Western Pennsylvania Amusement Co., Appellant.

Argued March 30, 1933.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Martin Silverman,* with him *Martin & Swaney,* for appellant.

*James H. Beal, Jr.,* with him *Harold F. Reed,* of *Reed & Ewing* and *Reed, Smith, Shaw & McClay,* for appellee.

PER CURIAM, May 1, 1933:

This is an appeal from order of the court below dismissing a petition for rule to show cause why an execution should not be quashed and the writ of fieri facias stayed. Plaintiff held a bond secured by a mortgage on premises of the Western Pennsylvania Amusement Company located at 1306 Seventh Avenue, Beaver Falls. Defendant being in default in payments, judgment was confessed against it by virtue of the power of attorney contained in the bond. The amount of the real debt was $65,000, subject, however, to a credit of $10,000 for payments received on account of the principal indebtedness. A writ of fieri facias issued by which the sheriff levied

on the personal property of defendant and subsequently, by the same writ, upon the realty, which was later sold. Previous to the sale of the real estate, George F. Callahan, a director and stockholder in defendant company, filed with the sheriff a goods claim for the personalty as a result of which an interpleader issue was framed and the sale of the personalty stayed pending the outcome of the interpleader. Defendant then filed a motion for rule to show cause why the execution should not be quashed and the writ of fieri facias stayed as to the real estate, alleging as reasons that plaintiff could not proceed against both realty and personalty upon one writ and that since the sheriff's levy was first made upon personalty, plaintiff had made an election and was estopped from proceeding against the real estate. The court refused the motion; whereupon the defendant took the present appeal. The record indicates that the property was sold December 10, 1932, as no supersedeas bond was filed.

It is apparent from the state of the record that the question presented for our consideration is now moot. No exceptions were filed to the sheriff's return after sale of the realty and the deed was confirmed absolutely. Having stood by without objection, defendant cannot now question the validity of the sheriff's sale for defects in the proceedings arising prior thereto. It is settled that, after acknowledgment and delivery of the sheriff's deed without objection on the part of defendant, the title to real estate cannot be affected by mere irregularities in the proceedings.

Moreover, it does not appear that the sheriff was at fault in levying upon and selling the mortgaged property before obtaining a deficiency judgment as to the personalty; for defendant's petition to quash or stay the execution specifically states that "the personal property on the said premises, if sold, is not sufficient to satisfy the amount of the judgment." A sale of the realty under these circumstances is not prohibited by the Act of June

320

16, 1836, P. L. 755, but is in accordance with section 19 of that act. Plaintiff is entitled to payment and the general rule is that he may have as many executions and as many forms of execution as the law will afford, and may pursue them all at the same time until satisfaction is obtained on one of them: Pontius v. Nesbit, 40 Pa. 309, 311.

The order of the court below is affirmed at appellant's costs.