## Malone, to use, v. Reburn

*Henry Rosenblum* and *L. Jacobs*, for plaintiffs.

*L. T. Schlesinger*, for defendant.

ALESSANDRONI, J., July 26, 1934.—Defendant presented a petition averring that on October 2, 1930, judgment was entered against him on a bond and war-

rant accompanying a mortgage and damages assessed in the sum of $3822; that on October 7, 1930, a fi. fa. sur real estate was issued on said judgment and premises 5411 Race Street sold thereunder on November 1, 1930; that on August 24, 1933, an alias writ of fi. fa. sur real estate issued on said judgment and premises 4637-39 Haverford Avenue were sold thereunder on the third Monday of September 1933; that the price brought by these properties at sheriff's sale was insufficient to satisfy the judgment, although the properties were of a value greater than the amount of the judgment; that the plaintiffs have failed to present a petition to the court within 6 months after the sheriff's sale to fix the fair value of the property sold, as required by the Deficiency Judgment Act of January 17, 1934, P. L. 243; wherefore, it is prayed that the prothonotary be ordered to satisfy the judgment of record as required by the act of assembly.

An answer was filed to the rule, denying the averments of the petition and averring that the Deficiency Judgment Act does not apply to this case. The question before us is whether the Deficiency Judgment Act of January 17, 1934, P. L. 243, is retroactive in operation. An examination of the act discloses that it is entitled: "An act to protect the owners of mortgaged property during the present emergency by limiting the amount of deficiency judgments during a certain period."

It is apparent from the title of the act that it was designed to relieve an emergency existing at the time of its passage, and there is nothing in the title to indicate that it applies to a condition which existed 4 months prior thereto. Moreover, the title of the act refers to a definite period, which is defined in section 3 thereof as follows: "The provisions of this act shall become effective immediately upon its final enactment, and shall remain in force only until the first day of July, one thousand nine hundred and thirty-five." As the act, therefore, specifically limits the period of its operation from January 17, 1934, to July 1, 1935, its language clearly precludes the possibility of a retroactive construction.

It has been decided in numerous cases that "An act of assembly will not be held as retroactive unless the language used clearly requires such construction": Martin v. Greenwood, 27 Pa. Superior Ct. 245.

A similar question was recently considered in the matter of Northern Trust Co. v. Armstrong, C. P. No. 3, March term, 1934, no. 336, wherein the president judge stated: "A statute is always to be interpreted so as to operate prospectively and not retroactively, unless the language is so clear as to preclude all questions as to the intention of the legislature: Smith v. Illinois Central Railroad Co., 36 Pa. Superior Ct. 584; Buchanan v. Corson et al., 51 Pa. Superior Ct. 558; Brubaker's Estate, 59 Pa. Superior Ct. 109; Commonwealth v. Thomas, 65 Pa. Superior Ct. 275.

"It may well be assumed that the legislature considered the conditions existing in the State at the time of the passage of the act, as the title refers to the 'present emergency', and it is further definitely stated in section 3 when the act shall become effective and when it shall terminate. No power is conferred upon the court to give to the act any retroactive force. If this were true, it would not only impair the obligation of preëxisting contracts, but there could be no limit of time during which the act would be effective. We are of opinion that this would violate article III, sec. 7, of the Constitution of the State of Pennsylvania, which prohibits laws authorizing the creation, extension, or impairments of liens."

A like conclusion was reached by the Court of Common Pleas No. 2 in Kirk v. Otlin, as of March term, 1934, no. 3078.

We are of the opinion that not only did the legislature fail to make the provisions of the act retroactive, but if it had done so the act in that respect would be unconstitutional. The rights of the plaintiffs became absolute at the time of the sheriff's sale in September of 1933 and their deficiency judgment was fully established of record. No subsequent legislation could deprive them of that right nor of the lien of their judgment under the Constitution of the State of Pennsylvania. Under the law then prevailing, plaintiffs were entitled to as many executions as the law affords and could pursue them until satisfaction was completely obtained: Union Trust Co. of Pittsburgh v. West Pennsylvania Amusement Co., 311 Pa. 317; Regan v. Davis, 290 Pa. 167.

And now, to wit, July 26, 1934, the rule to show cause why the prothonotary should not enter satisfaction of the judgment of record is discharged.