## Toram v. Maynes et al.

*Harry C. Liebman* and *H. Eugene Gardner*, for plaintiff.

*Wellington H. Rosenberry* and *Edward F. Kane*, for respondents.

DANNEHOWER, J., November 30, 1934.—This case comes before the court on a petition for a citation to show cause why possession of real estate sold on execution should not be delivered to the purchaser, and an answer filed thereto in accordance with section 8 of the Act of April 20, 1905, P. L. 239, 12 PS §2579.

The petition for citation avers the execution of a first mortgage and bond by Rodger J. Maynes, Jr., Florence G. Maynes, and Miriam E. Maynes to Malvina

Toram, secured upon premises No. 224 Upland Road, Merion, Montgomery County, Pa.; that an action was brought upon said mortgage by the mortgagee against the mortgagors and Catherine W. Maynes, real owner, and judgment entered thereon on July 23, 1934; that thereafter a writ of levari facias issued, and the sheriff of Montgomery County, by deed poll dated October 17, 1934, and duly acknowledged the same day, granted and conveyed these premises to Malvina Toram, the mortgagee and purchaser at the judicial sale; that Catherine W. Maynes, real owner and defendant in the proceedings, is in possession of the premises and after due notice has declined to deliver up possession of said real estate to petitioner. A citation issued, and service thereof was duly made and filed.

The answer admits all averments of the petition, but sets forth that petitioner refused to accept Home Owners' Loan Corporation bonds in an amount less than the face of the mortgage, and defendants are seeking a reappraisement of the premises under the recapture provisions of the Home Owners' Loan Act in an endeavor to offer petitioner the full amount of the mortgage, interest, and costs. The answer further avers that petitioners have entered judgment on the bond in Philadelphia County and attached certain properties of the defendants, who are without funds to remove from the premises, and complains because petitioner has failed to secure a deficiency judgment. The answer then requests the court to direct petitioner to proceed under the deficiency act; to refuse possession of the premises for a reasonable time so that negotiations can be completed with Home Owners' Loan Corporation; and to order the release of the Philadelphia attachment.

The Act of 1905 provides a mode of procedure whereby purchasers at judicial sales of real estate can obtain possession of the same. The pleadings admit the petitioner is the owner of said real estate, with a present right of possession thereof. After the sheriff's acknowledgment of the deed poll, the validity of the title acquired by the purchaser cannot be questioned in a collateral action involving the title, except for absence of authority or the presence of fraud in the sale, neither of which was questioned.

Concerning the defendants' application to Home Owners' Loan Corporation, let us say that this foreclosure was commenced in April 1934, and defendants had ample time to save their property. In fact, the appraisement of the premises was not equal to the face of the mortgage, and it is very doubtful whether a higher appraisement can be obtained. If such application had been made to this court before the sheriff's sale and before petitioner became the owner of these premises, it might have more merit.

Under the Deficiency Judgment Act of 1934, the defendant in the foreclosure proceedings or real owner, or any other person in interest, may petition the court to fix the fair value of property sold, any time within 6 months after such sale. This being the law, defendants may avail themselves of this provision and therefore have their own remedy.

We fail to see how this court has jurisdiction to order the release of the attachment in Philadelphia County. The petitioner had a right to enter judgment on the bond and proceed by attachment prior to the foreclosure. She was entitled to as many executions as the law affords and could pursue them until satisfaction was completely obtained. Union Trust Co. of Pittsburgh v. Western Pennsylvania Amusement Co., 311 Pa. 317; Regan v. Davis, 290 Pa. 167. We feel that the averments of the answer do not bear on the petitioner's right to possession and are irrelevant, immaterial, and without merit.

In this case, an answer was filed, and petitioner ordered the cause for argument on petition and answer. Argument was had. As no jury trial was requested according to the act, it is waived. Indeed, there are no questions of fact raised by the answer, which admits all petitioner's averments.

And now, November 30, 1934, having examined the return of the service of the citation made upon all the respondents, we are satisfied that service has been made in one of the three methods provided in the act, and we hereby grant judgment of possession in favor of petitioner, upon which a writ of possession may issue.