## Ewing v. Meehan, Executrix

*Wayne S. Luce*, for plaintiff.
*Buchanan & Barrickman*, for defendant.

READER, P. J., May 26, 1941.—The above-entitled case is before us on an affidavit of defense raising questions of law. The statement of claim avers that Ross R. Ewing, plaintiff, on May 14, 1937, loaned to John L. Tosh, of Freedom, Pa., the sum of $500 with which to purchase a used automobile, a Chevrolet sedan, motor no. 166980, and manufacturer's no. 12 G A 115112. As security for the loan John L. Tosh gave plaintiff five $100 judgment notes maturing in one, two, three, four, and five years, respectively. Tosh also pledged said automobile as security for the loan, the pledge to be evidenced by the placing of an encumbrance, or lien, on the certificate of title for the automobile in favor of Ross R. Ewing for $500. A certificate of title was issued on May 18, 1937, listing John L. Tosh as owner and Ross R. Ewing as the holder of a lien or encumbrance against the vehicle to the extent of $500. This certificate remained in the possession of

plaintiff, Ewing, and the automobile remained in the possession of John L. Tosh.

The statement avers further that in the early part of September 1940 the Sheriff of Beaver County levied upon said automobile while in the possession of John L. Tosh, under a writ of fieri facias issued out of the Court of Common Pleas of Beaver County at the suit of said Martha Wilson Meehan, executrix of the estate of Martha Sarah Wilson. By virtue of said writ of execution the sheriff sold the said automobile on September 26, 1940, at public sale, to said Martha Wilson Meehan, executrix as aforesaid, for the sum of $120. The statement of claim does not refer to the judgment and execution by number and term. The record, however, in the office of the Prothonotary of Beaver County shows that the judgment upon which the writ of execution was issued was at no. 320, June term, 1936, D. S. B., and secured a debt of $700. This judgment was entered upon a writ of scire facias for the revival of an earlier judgment at no. 660, June term, 1931. The writ of fieri facias upon which the automobile was sold by the sheriff was issued August 28, 1940, at no. 5, December term, 1940. On the same date the levy was made upon the automobile in question, as well as other personal property.

The statement of claim further avers as follows:

"7. Subsequent to the seizure of said automobile as aforesaid, the defendant was notified of the lien against said automobile in favor of the plaintiff by verbal notice given to the defendant's attorney, Charles M. Barrickman, and by the filing with the Sheriff of Beaver County of a statement of the said lien or encumbrance, created as aforesaid. . . .

"8. The plaintiff, Ross R. Ewing, attended said public sale in person and there gave all persons present verbal notice of the encumbrance or lien he held against said Chevrolet sedan. As a result of said claim of lien, the officials conducting the sale announced that they were selling said automobile subject to any valid lien existing against it."

It is further averred that at the time of said sheriff's sale there was due Ross R. Ewing from John L. Tosh, on account of the said indebtedness, the sum of $200 with interest from May 14, 1937. It is averred that defendant, having obtained possession of said automobile by virtue of said sheriff's sale, refused to deliver the same to plaintiff, or to pay plaintiff the unpaid balance of the debt for which it is alleged the automobile is pledged. This action is brought in trespass to recover the sum alleged to be due, upon the ground of an alleged conversion of the automobile by said Martha Wilson Meehan, executrix as aforesaid.

At the argument of the questions involved it was stated by counsel for defendant, and not questioned, that following the purchase of the automobile by defendant at said sheriff's sale a certificate of title for the same was issued by the Secretary of the Department of Revenue of the Commonwealth of Pennsylvania to defendant, free from encumbrances.

The first, and we think the controlling, question for consideration is as to the effect of the provisions of The Vehicle Code upon the lien asserted by Mr. Ewing upon the automobile in question. The statutory provision on the question is section 208 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of May 25, 1933, P. L. 1059, and by the Act of June 29, 1937, P. L. 2329, 75 PS §38. This section reads as follows:

"In the case of the transfer of ownership or possession of a motor vehicle, trailer, or semi-trailer by operation of law, as upon inheritance, devise or bequest, order in bankruptcy, insolvency, replevin, or execution sale, or whenever a motor vehicle, trailer, or semi-trailer is sold at public sale to satisfy storage or repair charges, or repossession is had upon default in performance of the terms of a lease, contract of conditional sale, or other like agreement made upon, or in connection with, any encumbrance or lien recorded and continuing of record in the department, it shall thereupon become the duty of the

person from whose possession such motor vehicle, trailer, or semi-trailer was taken, if there are no liens, encumbrances, or legal claims thereon, and without prejudice to his rights in the premises, immediately to surrender the certificate of title for such motor vehicle, trailer, or semi-trailer to the person to whom possession of such motor vehicle, trailer, or semi-trailer has so passed. The secretary, upon surrender of prior certificate of title, or, when that is not possible, or when the certificate of title for such motor vehicle, trailer, or semi-trailer is held by a person holding a first lien, encumbrance, or legal claim thereon, upon presentation of satisfactory proof to the secretary of ownership and right of possession to such motor vehicle, trailer, or semi-trailer, and upon payment of the fee prescribed in this act, and presentation of application for certificate of title, may issue to the applicant to whom possession of such motor vehicle, trailer, or semi-trailer has so passed a certificate of title thereto; but where a first lien, encumbrance, or legal claim upon such motor vehicle, trailer, or semi-trailer is held by another, the secretary shall deliver the said certificate of title, containing thereon a statement of the liens, encumbrances, or legal claims upon such motor vehicle, trailer, or semi-trailer, to the person holding such first lien, encumbrance, or legal claim, which shall be retained by such person until the entire amount of such first lien, encumbrance, or legal claim is fully paid by the owner of said motor vehicle, trailer, or semi-trailer, when the said certificate of title shall be delivered to said owner by the person who held the first lien, encumbrance, or legal claim, with proper evidence of satisfaction of same. A corrected certificate of title, without statement of liens, encumbrances, or legal claims, shall be issued by the secretary, upon request of the owner, when the original certificate of title is returned with proper evidence that all said liens, encumbrances, or legal claims have been satisfied, or when the original certificate of title cannot be returned, and proper evidence is produced that all said liens, en-

cumbrances, or legal claims have been satisfied, or when the lien or encumbrance upon the motor vehicle, trailer or semi-trailer has not been renewed within three (3) years immediately preceding the issuance of such corrected certificate of title. The certificate of title, when issued by the secretary, showing a lien or encumbrance shall be adequate notice to the Commonwealth, creditors, and purchasers that a lien against the motor vehicle, trailer, or semi-trailer exists, and failure to transfer possession of the vehicle, trailer, or semi-trailer shall not invalidate said lien or encumbrance: Provided, That the secretary shall not incur any personal liability in carrying out the provisions of this section or in furnishing any information from the records of the department with respect to the existence or non-existence of any lien or encumbrance on any motor vehicle, trailer, or semi-trailer."

A similar provision as to the effect of the notation upon the certificate of title of an existing encumbrance is found in section 203 of The Vehicle Code, as amended by several subsequent acts (75 PS §33).

In considering the effect of these provisions we have examined the following cases called to our attention by counsel: Kaufmann & Baer v. Monroe Motor Line Transportation, Inc., 124 Pa. Superior Ct. 27; Automobile Banking Corporation v. Atlas Automobile Finance Corporation et al., 129 Pa. Superior Ct. 501; In re Fell, 16 Fed. Supp. 987; Taplinger v. Northwestern National Bank, 101 F.(2d) 274. After a careful study of these cases we are satisfied that the case now before us is not ruled by any of them.

It is apparent from the facts hereinbefore stated that the certificate of title issued to John L. Tosh for the automobile in question, and containing the notice of the lien or encumbrance of Ross R. Ewing, was dated May 18, 1937. The levy upon the automobile under the writ of execution above cited was made on August 28, 1940. This levy which fixed the lien of plaintiff in the execution, de-

fendant in this action, upon the automobile in question was considerably more than three years after the issuing of the certificate of May 18, 1937, with its notation of the encumbrance. It is also more than three years after June 1, 1937, the date fixed for the beginning of the three-year period. Section 208, above quoted, provides that the notice of the lien or encumbrance upon the certificate of title shall be adequate notice to the Commonwealth, to creditors, and purchasers that such a lien exists.

It is contended by plaintiff in the action that, by virtue of the provisions of these two sections of The Vehicle Code, defendant in the action acquired title at the sheriff's sale subject to this lien. After a careful study of these provisions of the act we are satisfied that they limit the lien thus created by the notation on the certificate of title to a period of three years. The lien thus created is purely a statutory lien. We think it can be created and preserved only by strict compliance with the provisions of the statute. The failure, therefore, to renew the lien within three years prior to the issuing of a corrected certificate terminates the lien. Such renewal, in our opinion, is made a condition of the continuance of the lien by the terms of the statute. When, therefore, defendant in this action, as execution plaintiff in the execution above cited, caused the levy to be made upon the automobile in question, and the sale thereof to be later made in due course under the execution, she had a right to assume that no lien existed against the automobile under the statutory provision, by reason of the issuing of the original certificate with its notation of the lien. A continuance of the lien could be effected only by a renewal within the three-year period. It is not averred in the statement of claim that any such renewal took place. On the contrary, as we read the statement of claim, the reliance, so far as the statutory lien is concerned, is upon the original certificate.

The statement of claim, as above quoted, avers that, subsequent to the levy on the execution, verbal and written notice was given to the sheriff of the lien or encumbrance

"created as aforesaid". It is also averred that Mr. Ewing gave verbal notice to this effect at the sale. We are of the opinion, however, that notice so given could not prolong the life of the statutory lien. The notice, while it may have called attention to the lien noted on the certificate, would also bring to the execution creditor and purchasers at the sale like notice of the limitation of the lien and in the absence of evidence of its renewal sale might be made under the execution free from such lien. A judgment creditor having a lien upon real estate and allowing the same to expire by failure to revive within five years could not, at a sheriff's sale of the property upon another lien, reëstablish the lien of his judgment so as to entitle it to participate in the proceeds of sale by a mere statement that he held such judgment. As above stated such a notice carries with it not only the fact of the existence of the original lien, but the fact also of its termination.

It is further contended by plaintiff in the instant action that, independently of the lien evidenced by the notation upon the certificate of title, he had a lien upon the automobile by reason of it having been pledged to secure the indebtedness of Tosh. The averment of the statement is to the effect that the automobile remained in the possession of Tosh. It was not purchased by Tosh from Ewing, and there is no averment that it ever was in his possession. A creditor of the pledgor, or a purchaser from the pledgor, would not be affected by any such lien unless he had actual notice of the pledge. It has long been established in this State that the pledge of a chattel, without transfer of possession, is void as to bona fide purchasers, pledgees, and execution creditors: Clow et al. v. Woods, 5 S. & R. 275; Sterling Commercial Co. v. Smith et al., 291 Pa. 236; Callahan v. Union Trust Co., 315 Pa. 274; Bowersox v. Weigle & Myers, 77 Pa. Superior Ct. 367; Menamin v. Automobile Banking Corp., 107 Pa. Superior Ct. 372. Such a pledge, however, is valid as between the pledgor and the pledgee, and creates an equitable lien enforcible against the chattel in the hands of the pledgor,

or his personal representatives, voluntary assignees, purchasers, and encumbrancers with notice.

The question, therefore, is whether there was such a pledge independent of the creation of the lien evidenced by the certificate, and whether defendant in this action levied upon the automobile in question, and purchased it at sheriff's sale, with notice of such pledge and lien. We think it is doubtful whether the notice alleged in plaintiff's statement could be held to be notice of such a pledge. The averments as to notice have been hereinbefore cited. An examination of the papers found with the writ of execution does not reveal any written notice. No copy of any such notice is set out in the statement. It seems to us that the averments of the statement are entirely consistent with the giving of a notice simply calling attention to the lien noted upon the certificate. Such a notice, we think, would have no further effect than we have hereinbefore stated. Even if the averments as to notice could be construed as notice of a pledge and a resulting lien independently of the notation upon the certificate of title, we are of the opinion that it would not be a sufficient notice to affect defendant in this action. Her rights as against the automobile were fixed when the writ of execution passed into the hands of the sheriff and his levy was made. It seems to us that notice subsequent thereto would not defeat her right as an execution creditor, and as a purchaser at the sheriff's sale.

We think this conclusion is not inconsistent with the rulings in the two cases relied upon by counsel for plaintiff. In the case of Newman v. Globe Indemnity Co., 275 Pa. 374, the contest was between Newman, as cashier of a bank which had advanced money to purchase certain road machinery for the contractors who were doing the work, and the indemnity company, which had been compelled to assume the completion of the contract and had taken from the contractor an assignment of all his assets. In making the loan to purchase the machinery Newman, acting for the bank, had purchased the machinery and

then delivered it to the contractor under a bailment lease. The property was at no time in the possession of Newman. It was in the possession of the contractor at the time of the transaction with Newman and at the time the Globe Indemnity Company, surety on the contractor's bond, assumed completion of the contract, and took over the contractor's assets, including this machinery. In the assignment to the Globe Indemnity Company by the contractor, however, the following clause was written: "It being understood and agreed that the machinery [here in question, giving a list] is specifically pledged for the balance due on account of the purchase price thereof of $2,000." This was the pledge to Newman. The Globe Indemnity Company took the title to the machinery expressly subject to this pledge.

The other case is Davis v. Billings, 254 Pa. 574. Davis, as trustee in bankruptcy of W. C. Moore, brought an action against W. P. Billings to recover from him a large sum of money which had been paid to him by Moore within four months of the adjudication in bankruptcy against him. These payments were made to Billings by Moore to extinguish obligations upon which Moore was liable as endorser. The position of Billings was that the automobiles, from the sale of which the funds paid to him were realized, had been pledged to him more than four months prior to the adjudication in bankruptcy, and that the sale of these automobiles and the application of the proceeds to the obligations upon which Moore was liable, though made within four months of the adjudication, were not affected by the adjudication in bankruptcy, since they were but the enforcement of a valid pledge made more than four months prior to the adjudication. The pledge in question had been made by the execution and delivery to Billings of an absolute bill of sale for the automobiles, but the automobiles remained in the possession of Moore, who executed the bill of sale. The court below refused to admit evidence offered to establish this pledge, and the appeal was based upon the exclusion of this evidence. The

698

judgment was reversed and the case remanded for a new trial in order that such evidence as was offered might be introduced. It was held that if the evidence measured up to the offer it might establish an equitable pledge, subject to which the property would pass to the trustee in bankruptcy.

As stated we find nothing in these cases, or in others therein cited, inconsistent with the conclusion we have reached and hereinbefore stated. We are, therefore, satisfied that Martha Wilson Meehan, executrix of the estate of Martha Sarah Wilson, acquired title to said automobile at the sheriff's sale hereinbefore referred to, free and discharged of any lien of plaintiff, Ross R. Ewing. It follows that plaintiff's statement does not present a good cause of action, and that judgment should be entered for defendant.

In view of our conclusion on the questions discussed it is unnecessary to consider the other questions raised by defendant.