### In re BARCIA.

### No. 219.

Circuit Court of Appeals, Second Circuit.

Feb. 13, 1945.

See also 47 F.Supp. 156.

Jacob Pesachowitz, of New York City, for appellants.

Krause, Hirsch, Levin & Heilpern, of New York City (Elliot L. Krause, of New York City, of counsel), for trustee-appellee.

Before HUTCHESON, SIMONS, and CLARK, Circuit Judges.

HUTCHESON, Circuit Judge.

In possession when bankruptcy occurred of an endowment policy on the life of the bankrupt, Anna, his wife, sought contradictorily with the trustee to maintain that she was entitled to the proceeds as owner, or, in the alternative, as lienor for the return of amounts paid as premiums and to discharge a policy loan. The referee, after a hearing, found against her on both contentions, and, his report confirmed, she was denied relief. Here, pointing to the undisputed testimony that, on May 7, 1935, she was designated as beneficiary with "right of insured to change the beneficiary not reserved", and to the testimony of herself and her husband that from 1931 on she had paid all the premiums on the policy, under an understanding with him that she was to have it, and that she had also repaid the $500.00 borrowed against it, she insists that the findings against her are clearly erroneous and that the judgment based thereon should be reversed.

A careful examination of the evidence, bearing in mind the principle that the findings of the referee on oral evidence are entitled to great weight, convinces us that the finding against her on her claim of ownership may not be overturned. The referee was not required to accept as true the testimony of appellant and her husband; and the discrepancies between the affidavit testimony on first submission and the oral testimony on the rehearing, coupled with the fact that no effort was made to comply with provision 4 of the policy, requiring assignments to be in writ-

ing and on forms provided by the company, furnish ample warrant for rejecting the claim that an assignment was made in 1931.

■ On her claim as to premiums paid after May 7, 1935, when she became beneficiary, the finding that she did not pay the premiums is directly contrary to the undisputed evidence and to all reasonable inferences therefrom, and it was error to deny her an award of the policy proceeds to the extent of these premiums with interest on each from the date of payment.

As to the premiums paid before 1935, during which period she was neither the owner nor the beneficiary, and as to the claimed repayment of the loan, we cannot say that the finding of the referee against her was without support in the evidence.

The order dismissing the petition for review must be reversed and the cause remanded with directions to award the proceeds of the policy between the trustee and appellant, in accordance herewith. Judgment reversed with costs divided.