### In re PEOPLES CAB CO., Inc.
### No. 21827.

United States District Court
W. D. Pennsylvania.
March 1, 1950.

578

Bernard Goodman, Pittsburgh, Pa., for receiver.

David I. McAlister, of McAlister & Sweet, Washington, Pa., for petitioner Charles C. McGovern.

Harland I. Casteel, Campbell, Houck & Thomas, Pittsburgh, Pa., for William Rothman, purchaser of assets.

GOURLEY, District Judge.

This is a bankruptcy proceeding. The matter relates to two questions:

(1) Did the Referee commit error in refusing to extend the time for the filing of a petition for review?

(2) If the Referee did err, do the facts and circumstances justify setting aside the sale and re-exposing the assets to a further public sale?

A petition in bankruptcy was filed against People Cab Company, Inc., on October 5, 1949. On October 14, 1949, the receiver presented a petition in which leave of court was requested to sell the physical assets of the bankrupt estate, which consisted of eighty taxi cabs which were encumbered with chattel mortgages in the amount of approximately $73,000.00. An Order was entered in which the 21st day of October, 1949 was fixed as the date to consider the offer of William Rothman for the purchase of said assets. Hearing was held before another member of this court and when the proceeding became somewhat heated and involved, it was referred to the Referee in Bankruptcy to conduct the sale de novo.

William Rothman offered to purchase the physical assets, eighty taxi cabs, under the following conditions:

(a) Absolute payment of $44,000.00 to the receiver without limitation.

(b) Assumption of liens against the taxi cabs in the amount of approximately $75,-000.00.

(c) Said payments to be made subject to the risk of the purchaser in securing transfer approval from the Pennsylvania Public Utility Commission.

(d) Operation by the receiver of the franchise, at the expense of the purchaser, pending disposition of the application for transfer before the Pennsylvania Public Utility Commission.

Peoples Cab Company, Inc., a corporation, was adjudicated a bankrupt on October 21, 1949.

The offer was accepted by the Referee and the sale to William H. Rothman was confirmed on October 21, 1949, since he was the highest unequivocal bidder.

Some three months after the confirmation of the sale, a petition was presented to the court by Charles C. McGovern, as a creditor, to extend the time for review of the sale and for the issuance of a rule on the receiver and Rothman to show cause why the sale should not be set aside and the property re-exposed to sale. The Order was signed ex parte, without prejudice to the right of any person in interest to question the jurisdiction of the court. Since various phases of the proceeding had been heard by another member of this court, who is now ill, and other matters had been referred to the Referee in Bankruptcy, I believe that the interests of justice would be best subserved by referring the questions raised to the Referee in Bankruptcy. The Referee has filed his report together with his findings of fact and conclusions of law.

No useful purpose could be gained by reciting the numerous facts and details which are set forth in the findings, conclusions and report of the Referee in Bankruptcy.

■ The findings of a Referee in Bankruptcy on oral evidence are entitled to great weight. In re Barcia, 2 Cir., 147 F.2d 288; In re Morris et al., 7 Cir., 152 F.2d 178.

■ Where a person who claims to be aggrieved by a referee's order in bankruptcy does not file a petition for review within ten days after the order sought to be reviewed has been made, such person cannot present the question for review by writ of certiorari, appeal or other indirect process. In re David, 3 Cir., 33 F.2d 748, certiorari denied David v. Hubbard, 280 U.S. 514, 50 S.Ct. 19, 74 L.Ed. 585.

■ It was not proper to raise the questions involved by a petition for rule to show cause why the sale should not be set aside.

■ It is well established that the mode of procedure described under the Bankruptcy Act for a review by the court of orders or decisions of the Referee is exclusive, and the party desiring a review must file his petition therefor in the manner prescribed.

The right to review a referee's order is given by Section 2, subsection a(10), of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a (10). The procedure by which that right is exercised requires that a person aggrieved by an order of the referee may, within ten days after the entry thereof, or within such extended time as the court may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. 11 U.S.C.A. § 67, sub. c.

When such a petition for review is filed, the referee is required to prepare promptly and transmit to the Clerk of Courts certificates on petition for review of orders made by them, together with a statement of the questions presented, the findings and orders thereon, the petition for review, a transcript of the evidence or a summary thereof, and all exhibits. 11 U.S.C.A. § 67, sub. a(8).

The provisions of Rule 21 of this court contain similar requirements as to the procedure to be followed in connection with a petition for review.

■ The court may, for cause shown, extend the time for the filing of a petition for review even though the application for extension is not made until the expiration of the ten day period which follows the entry of the order of the referee. Thummess v. Von Hoffman, 3 Cir., 109 F.2d 291.

In view of what has been previously stated, it was not only proper but advisable to have the Referee pass upon the questions rather than the court in the first instance.

Petitioner McGovern claims that he believes a higher offer would be made by an-

other person if the property were reexposed to public sale.

■ Courts will not upset a judicial sale at auction, upon the ground that a new bidder has appeared who offers more than the knock-down price. This unwillingness results from the effect upon such sales of knowing that a prospective bidder may abstain from bidding at the auction, may bide his time, and may then outbid the price at which the property has been struck down. That possibility would tend to chill bidding at the sale, to dispose of the property by later competition on successive bids. It would defeat the very purpose of an auction, which is to fetch together all those who may be interested to buy and set them against each other with whatever stimulus that may provide, as opposed to other kinds of sale. In re Stanley Engineering Corp., 3 Cir., 164 F.2d 316, certiorari denied Root v. Galman, 332 U.S. 847, 68 S.Ct. 351, 92 L.Ed. 417; Smith et al. v. Save-Rite Drug Stores, 10 Cir., 178 F.2d 507.

No reasonable explanation has been given as to why a petition for review was not filed within the ten day period required by law, or between the time from October 21, 1949 to February 6, 1950.

[7] No judicial sale should be set aside on account of matters which ought to have been attended to by the complaining party prior thereto. Pewabic Mining Co. v. Mason, 145 U.S. 349, 12 S.Ct. 887, 36 L.Ed. 732.

■ The extent of the power of the bankruptcy court, in denying confirmation or setting aside judicial sales, is not spelled out in the statute. However, the extent of such power is definite. It is established that judicial sales, made upon due notice and in accordance with law, will be confirmed unless (a) there was fraud, interference or mistake in the conduct of the sale; or (b) the price brought at the sale was so grossly inadequate as to shock conscience of court and raise a presumption of fraud, unfairness or mistake. In re Stanley Engineering Corp., supra.

■ Where a bankruptcy court fails to confirm a judicial sale in the absence of unfairness, fraud or mistake or gross inadequacy of price, such action would be an abuse of the court's legal discretion. In re Stanley Engineering Corp., supra.

■ I do not find any unfairness, fraud, mistake or gross inadequacy of price, and it is not even so contended.

The petitioner has not shown adequate reason for not filing a petition for review within the statutory ten days or for his delay of more than three months in seeking an extension of time to file such a petition. I would so find if the matter were being considered by the court de novo.

Even if the petition for review had been filed within the ten day period, McGovern has failed to show error in the order of October 21, 1949. It would be unjust and inequitable to the purchaser and detrimental to the administration of the bankrupt estate to now permit the sale to be set aside and re-expose said assets to an additional public sale.

The findings of fact and conclusions of law of Watson B. Adair, Referee in Bankruptcy, are hereby adopted and confirmed by the court. The order of the Referee in Bankruptcy in refusing to extend the time for the filing of the petition for review and dismissing the petition of Charles C. McGovern to set aside the sale and re-expose the assets to public sale is hereby sustained.