In re BENSON.

Bankr. No. 21985.

United States District Court
W. D. Pennsylvania.

Jan. 18, 1952.

H. C. A. Hofacker, Pittsburgh, Pa., for petitioner.

Hillard Kreimer, Pittsburgh, Pa., for trustee.

GOURLEY, Chief Judge.

The matter before the Court in this bankruptcy proceeding relates to a Petition for Review from the Referee's Order denying a reclamation demand for household furniture of the bankrupt.

The Court must pass upon the referee's findings of fact, adopt or modify them or, if necessary, make findings of its own. Moonblatt v. Kosmin, 3 Cir., 139 F.2d 412.

The findings of a referee in bankruptcy on oral evidence are entitled to great weight. In re Barcia, 2 Cir., 147 F.2d 288; In re Morris et al., 7 Cir., 152 F.2d 178.

It must, therefore, be determined if the referee's findings of fact and conclusions of law were so clearly erroneous and such a plain mistake as results in the defeat of justice.

The facts are not in dispute.

On or about August 1, 1950, Bankrupt received a loan from petitioner, his father-in-law, in the amount of $2,000. It was orally agreed Bankrupt would give a judgment note and a lien against his household furniture. In October 1950, Bankrupt changed his place of residence and moved the furniture to his new home at Pittsburgh, Allegheny County, Pennsylvania. Petitioner made a trip to Pittsburgh, bringing with him the papers which he had prepared without aid of legal counsel. These included a judgment note and a separate paper which reads as follows:

"For value received subject to satisfaction of attached note in the amount of $2,000, I, Howard Clifford Benson, of 69 Rocklyn Place, Pittsburgh 28, Pennsylvania, do hereby sell and convey to Roy L. Hershey, of 900 Mt. Rose Avenue, York, Pennsylvania, all title and right of use in and about any and all household goods, furniture and personal property located at said address (69 Rocklyn Place). Said property may not be removed from this address without his written consent. This is to include all furniture, appliances, household goods, supplies and personal property housed at and in this residence as of this date.

"Signed: Howard Clifford Benson
Dolores Mae Benson
"Witness: Donald V. Radcliff"

The note and the paper were signed in Bankrupt's residence at Pittsburgh, Penn-

sylvania, on November 1, 1950. At that time, Bankrupt showed the items of furniture to the petitioner who then "went around and laid his hand on each one of them." Petitioner testified that he "did this as taking possession of it." He did nothing more with respect to taking possession. He did not take the furniture away. Bankrupt and wife continued to use the furniture as their own.

Petitioner left the note and paper with his daughter, Bankrupt's wife, with instructions to record them. She and the Bankrupt took them to the Prothonotary in Pittsburgh, Pennsylvania. The two papers were "pinned" together with a paper clip but the Prothonotary would not record the paper attached to the note, but entered the note of record on March 26, 1951 at 2109 April 1951 D.S.B., Allegheny County, Pennsylvania. After the filing of the petition in bankruptcy, petitioner first learned that the paper attached to the note had not been recorded.

The sole question for determination is whether the transfer from the Bankrupt to the petitioner was on the one hand a pledge or chattel mortgage, or, on the other hand, a complete conveyance of the title to the goods sought to be reclaimed.

In the event such transfer constituted a conveyance, the property rights therein would reside with the petitioner, and creditors could assert no claim thereto. On the other hand, if such transfer was in the nature of a pledge or chattel mortgage, then such pledge or mortgage would have to be perfected in order to prove valid against creditors of the pledgor or mortgager, the Bankrupt.

There is no question but that there were two papers executed by Bankrupt and the petitioner—one being the judgment note and the other being the alleged document of title. These papers were in accordance with the oral agreement of the two parties, that is to say, that the document of alleged title was intended as mere security for the loan. This document read in part, "For value received subject to satisfaction of attached note in the amount of $2,000 * * *."

The rule that physical retention by the vendor of goods capable of delivery to the vendee is a fraud per se does not apply in Pennsylvania in a transaction, the inherent nature of which necessarily precludes delivery, or in which the absence of a physical delivery is excused by the applicable usages of trade. Taney, Trustee of Miller Pure Rye Distilling Co. v. Penn National Bank of Reading, 232 U.S. 174, 34 S.Ct. 288, 58 L.Ed. 558.

No such extenuating circumstances appear inherent in the present case. The Pennsylvania Supreme Court has outlined with great particularity the considerable burden of proof required to establish an actual or constructive delivery. Tomayko v. Carson, Appellant, 368 Pa. 379, 83 A.2d 907. The mere act of laying a hand on certain objects could not meet that burden.

The transaction could qualify as a pledge, which requires that possession of the pledged property pass from pledgor to pledgee; that legal title remain in pledgor, and that pledgee have a lien for money or obligation due him. Here petitioner did have a lien as between himself and Bankrupt, and record legal title did remain in Bankrupt. However, as required under the law of Pennsylvania, Bankrupt did not give up possession so as to create an enforceable pledge. Ambler National Bank v. Maryland Credit Finance Co., 147 Pa.Super. 496, 502, 24 A.2d 123; Sholes v. Western Asphalt Co., 183 Pa. 528, 38 A. 1029; Taplinger v. Northwestern National Bank in Philadelphia, 3 Cir., 101 F.2d 274; In re Richenell Fabric Mfg. Co., D.C., 31 F.Supp. 645. At best there was created an equitable pledge, enforceable only between the two parties. Taplinger v. Northwestern National Bank in Philadelphia, supra.

Similarly, the transaction might also qualify as a chattel mortgage if the two documents are construed to be a chattel mortgage plus a note. In Pennsylvania, a chattel mortgage signed, witnessed and duly acknowledged and filed is a lien good and valid against subsequent lienors and encumbrances from the time of filing, 21 P.S.Pa. §§ 940.2, 940.5, and 940.8, but the

mortgage in the present case was neither duly acknowledged nor filed.

A trustee in bankruptcy as to all property of the bankrupt at the date of bankruptcy, whether or not coming into possession or control of the court, shall be deemed vested as of the date of bankruptcy with all the rights, remedies and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor exists. Bankruptcy Act, § 70, sub. c, 11 U.S.C.A. § 110, sub. c.

The petitioner's momentary laying of his hands on each piece of furniture and equipment, without more, did not effect such a transfer of possession as would give any notice to creditors or satisfy the law. Callahan v. Union Trust Co. of Pittsburgh, 315 Pa. 274, 172 A. 684; In re Kellett Aircraft Corp., 3 Cir., 173 F.2d 689.

It is patently impossible to contend that title to the goods was unrestrictedly conveyed to him. However, the existence of the note and the second paper, their relationship between each other, and the intent of the parties effectively prove that a security transaction was intended between the parties.