TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00526-CR







Ex Parte: Christopher Ryan Byrd, Appellant








FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY


NO. 43,685, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING







 Appeal is taken from the trial court's denial of habeas corpus relief. Appellant
contends that the trial court erred in holding that an administrative driver's license suspension is
not punishment so as to bar further prosecution for the same offense. (1) We will affirm.

 It appears that the facts are undisputed. Appellant was arrested for the offense of
driving while intoxicated (DWI) on or about April 21, 1995, and refused to submit to a breath test
at the request of the arresting officer. Appellant was advised that his driving privileges would be
suspended pursuant to Texas law. See Art. 6701l-5, § 2(d) (now Transp. Code § 72.032). On
May 31, 1995, appellant was charged by information with the offense of DWI based on the April
21st incident. In a letter, dated June 8, 1995, the Texas Department of Public Safety notified
appellant that his driver's license would be suspended for ninety-days. (2) See Art. 6701l-5, § 2(i)
(now Transp. Code § 724.035).

 The pertinent provision in the Double Jeopardy Clause protects an accused from
multiple punishment for the same offense. United States v. Halper, 490 U.S. 435, 440 (1989). 
The issue before us is whether the forfeiture of appellant's driver's license for ninety days
constituted "punishment." This Court has recently held that suspension of a driver's license is
not punishment so as to bar prosecution for the same DWI offense. See Ex parte Arnold, No. 03-95-00520-CR, slip op. at 8 (Tex. App.--Austin February 7, 1996, no pet. h.). The United States
Supreme Court has addressed the issue of whether forfeitures constitute punishment so as to bar
prosecutions growing out of the same offenses in three opinions since 1989. See Montana Dept.
of Revenue v. Kurth Ranch, 128 L.Ed.2d 767 (1994); Austin v. United States, 509 U.S. , 125
L. Ed. 2d 488 (1993); Halper, 490 U.S. 435 (1989). We reviewed these opinions in Arnold and
will not elongate this opinion by revisiting them. In a different Arnold opinion cited by appellant
in his supplemental brief, a Houston Court of Appeals found the rationales used in opinions
addressing this issue are difficult to reconcile. See Arnold v. State, No. 01-95-00633-CR, slip op.
at 25 (Tex. App.--Houston [1st Dist.] January 18, 1996, no pet. h.). We agree. Appellant cites
us to language in the body of the Houston Arnold opinion that tends to support his position. 
However, the court in that case held that the driver's license suspension did not bar prosecution
for DWI, relying on Halper's rationale that the Double Jeopardy Clause is applicable in the "rare"
case where the sanction imposed is "overwhelmingly disproportionate to the damages . . . caused"
and bears no rational relation to the goal of compensating the government for its loss. See id.,
slip. op. at 23 (citing Halper, 490 U.S. at 449).

 In addition to Texas courts of appeals' opinions cited in our Arnold opinion denying
habeas relief from DWI prosecution following administrative suspension of driver's license based
on the same incident, Ex parte Helber, No. 01-95-00926-CR (Tex. App.--Houston [1st Dist.]
February 1, 1996, no pet. h.), has been handed down. In denying habeas relief, the Helber Court
noted that a nationwide survey of decisions showed that courts have almost uniformly held that
an administrative license suspension does not prohibit a later prosecution for DWI. Id., slip op.
at 9. We have reviewed two cases from the United States District Court for the Eastern District
of Virginia (Alexandria Division), cited by appellant, holding that driver's license suspension
statutes are, at least partially, punitive in nature and jeopardy attaches. See United States of
America v. Johnson, No. 95-76-M (E.D. Va. Sept. 1, 1995) (mem.); Murphy v. Commonwealth
of Virginia, et al., 89 F. Supp. 577 (E.D. Va. 1995). Our review of Murphy and Johnson fails
to persuade us that our opinion in Arnold is incorrect.

 In our Arnold opinion, we found a bright line distinction between the cases where
the government attempted to forfeit property or raise revenue and those cases where the State
attempts to suspend a driver's license. Ex parte Arnold, No. 03-95-00520-CR, slip. op. at 5. The
Supreme Court noted in Austin that forfeiture has been historically understood as punishing the
owner of forfeited property. Austin, 125 L. Ed. at 503; see Ex parte Ariza, 913 S.W.2d 215, 220
(Tex. App.--Austin 1995, pet. filed). On the other hand, courts have traditionally held that a
license to drive an automobile is not property, but a privilege subject to reasonable regulations
in the interest of the welfare and safety of the public. Ex parte Arnold, No. 03-95-00520-CR, slip
op. at 5; Coyle v. State, 775 S.W.2d 843, 846 (Tex. App.--Dallas 1989, no pet.).

 We adhere to our holding in Arnold that the holder of a driver's license possesses
a privilege rather than an interest in property and that its suspension serves the remedial purpose
of protecting public safety by quickly removing drivers from the road. Accordingly, we hold that
the suspension of appellant's driver's license in this case did not constitute punishment for the
same DWI offense under the Double Jeopardy Clause.

 The trial court's denial of habeas corpus relief is affirmed.



 

 Tom G. Davis, Justice

Before Justices Aboussie, Kidd and Davis*

Affirmed

Filed: April 17, 1996

Do Not Publish




* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   Appellant's license was suspended pursuant to Act of May 29, 1993, 73d Leg., R.S.,
ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3523 (Tex. Rev. Civ. Stat. Ann. art. 6701-5, § 2,
since amended and codified at Tex. Transp. Code Ann. §§ 724.031 et seq. (West 1996)).
2.   We note that the record reflects that the trial court granted appellant an occupational
driver's license on June 1, 1995.



age in the body of the Houston Arnold opinion that tends to support his position. 
However, the court in that case held that the driver's license suspension did not bar prosecution
for DWI, relying on Halper's rationale that the Double Jeopardy Clause is applicable in the "rare"
case where the sanction imposed is "overwhelmingly disproportionate to the damages . . . caused"
and bears no rational relation to the goal of compensating the government for its loss. See id.,
slip. op. at 23 (citing Halper, 490 U.S. at 449).

 In addition to Texas courts of appeals' opinions cited in our Arnold opinion denying
habeas relief from DWI prosecution following administrative suspension of driver's license based
on the same incident, Ex parte Helber, N