# Sterling Commercial Co., Appellant, *v.* Smith et al.

*Bailment—Change of possession—Delivery—Title—Automobile—Sale.*

1. In case of a sale or pledge of personal property, the purchaser or pledgee must take actual possession, or do some other act which gives notice to the public of transfer of ownership or possession, otherwise the sale or pledge is void as against innocent purchasers for value or creditors of the seller or pledgor.

2. Where in such case a question is raised by creditors as to the validity of the transaction, the court will look into the real nature of the sale which took place without physical handling of the property, and if it appears the transaction was in fact a mere pledge of property to secure a loan without actual transfer of possession or act done or notice given indicating an actual taking of possession, the court will look upon the transaction in its true light as a pledge of collateral to secure a loan and void as against innocent purchasers and creditors.

3. Where a consignee of automobiles borrows money, takes up a draft attached to the bill of lading for the cars, and executes to the lender a bill of sale for one of the cars, and the lender at the same time executes a bailment lease to the consignee without having taken possession of the automobile, the court will hold the transaction void as against the consignee's trustee in bankruptcy.

4. Where an automobile is in possession of the law under a landlord's warrant at the time of bankruptcy proceedings against the tenant, the trustee in bankruptcy is entitled to possession of the car upon satisfaction of the claim of the landlord.

Submitted on paper books October 3, 1927. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 167, March T., 1927, by plaintiff, from judgment of C. P. Cambria Co., June T., 1922, No. 735, for plaintiff, n. o. v., in case of Sterling Commercial Co. v. W. C. Smith, landlord, and William Schmiermund, constable, and Russell R. Yost et al., trustees in bankruptcy of Alvin Blough, intervening defendants. Affirmed.

Replevin for automobiles.  Before Evans, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff upon which judgment n. o. v. was entered for defendant.  Plaintiff appealed.

*Error assigned,* inter alia, was judgment n. o. v., quoting record.

*Robert C. Hoerle,* for appellant.—Appellant acquired good title to the automobiles: Hayden v. McMillan, 79 Pa. Superior Ct. 1; Leitch v. Truck Co., 279 Pa. 160; Werley v. Dunn, 56 Pa. Superior Ct. 254; Barnett v. Fein, 41 Pa. Superior Ct. 423.

The trustees in bankruptcy have no interest in or claim to the automobiles: Liggett Co. v. Wilson, 224 Mass. 456; Express Theatre Co. v. Horton, 266 Fed. 567.

*Graham & Yost* and *Frank P. Barnhart,* for appellees, cited: Linton v. Butz, 7 Pa. 89; Selznick v. Auto Co., 275 Pa. 1; Worman v. Kramer, 73 Pa. 378; Bank of North America v. Motor Car Co., 235 Pa. 194; Root v. Acceptance Corporation, 279 Pa. 55.

Opinion by Mr. Justice Frazer, November 28, 1927:

The statement of facts agreed upon by counsel for the parties to this appeal, sets forth that Alvin Blough, one of defendants, a dealer in automobiles in the City of Johnstown, trading under the name of Cambria Auto Company, ordered from the manufacturers a carload of Nash trucks which were consigned to him by bill of lading attached to a sight draft forwarded through the National Bank of Johnstown.  Defendant, requiring additional cash to take up the sight draft, on March 30, 1922, borrowed the necessary amount from plaintiff, and executed to it a bill of sale for one of the trucks contained in the shipment and at the same time, March 30, 1922, a bailment lease of the same car was entered into by plaintiff and defendant, providing for payment of the

entire "rental" within two months from its date, with the usual provision for a return of the truck at the end of the term, and reserving to lessee the right to purchase the machine at that time by the further payment of one dollar. Defendant Blough also gave to plaintiff a storage receipt in which the former agreed to keep the motor in his show room and return it to plaintiff on demand. Conformable to this arrangement, plaintiff gave its check to the Cambria Auto Company for the amount of the loan, which defendant endorsed to the bank and applied, together with other funds of his own, in payment of the draft accompanying the bill of lading. Having secured the bill of lading, on payment of the draft, Blough obtained possession of the trucks from the carrier, including the one subject to bailment, and took them to his place of business where they were placed on sale. A similar arrangement, to raise an additional sum needed by defendant, was entered into by the parties on April 8, 1922, and carried out with reference to a Nash touring car.

From the above facts the conclusion is inevitable that the real purpose of the transactions between the parties was to secure payment of the loans to defendant from plaintiff. Plaintiff at no time had physical possession of either of the cars in question and did nothing tending to indicate to the public that it had ownership or right to either machine. The records of the carrier merely show shipment of the cars to Blough, forwarding of the bills of lading with the sight drafts attached, through a bank, in accordance with usual business practice, payment of the drafts by defendant, Blough, and delivery to him of the bills of lading, followed by possession taken by him of the cars.

Subsequent to above transactions defendant became in default in his rent to the owner of the premises in which the business of the Cambria Auto Company was conducted, and, on May 15, 1922, the two machines referred to above, with others, were levied on for rent.

May 29, 1922, involuntary proceedings in bankruptcy were filed against defendant, who was duly adjudicated bankrupt, June 19, 1922; May 31, 1922, plaintiff began the present proceedings in replevin for the two cars in question. The rent distrained for was subsequently paid, thus eliminating the landlord's claim. In the. meantime, however, the trustees in bankruptcy of defendant intervened and claimed possession of the cars on the theory that the transactions between plaintiff and defendant were void as to creditors, because of failure to take actual possession of the property by plaintiff, or of any act done or notice given indicating a change of ownership in the machines.

Under section 26 of the Sales Act of May 19, 1915, P. L. 543, a sale of personal property may be avoided by creditors where the seller "continues in possession of the goods, or of negotiable documents of title to the goods, and such retention or possession is fraudulent in fact or is deemed fraudulent under any rule of law." If it be conceded a fraudulent intent was not contemplated by the parties to this transaction, the effect of their action was nevertheless fraudulent under the general rule of law that, in case of a sale or pledge of personal property, the purchaser or pledgee must take actual possession or do some act which gives notice to the public of the transfer of ownership and possession, otherwise the sale or pledge is void as against innocent purchasers for value or creditors of the seller or pledgor: Root v. Republic Acceptance Corporation, 279 Pa. 55, 61. Where in such case a question is raised by creditors as to the validity of the transaction, the court will look into the real nature of the sale which took place without physical handling of the property and if it appears the transaction was in fact a mere pledge of property to secure a loan without actual transfer of possession or act done or notice given indicating an actual taking of possession, the court will look upon the transaction in its true light as a pledge of collateral

to secure a loan and void as against innocent purchasers and creditors: Root v. Republic Acceptance Corporation, supra.

Although creditors are not directly claiming here, the trustees in bankruptcy, under section 27 (a), clause 2 of the Bankruptcy Act of 1898, as amended by the Act of June 25, 1910, 36 Stat. 840, are "vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon." The automobiles in question were in the hands of the law under landlord and tenant proceedings at the time the petition in bankruptcy was filed, which was before the present replevin proceedings were begun, consequently, upon satisfaction of the earlier claim of the landlord, the right to possession vested in the trustees in bankruptcy for the benefit of all creditors: Bank of North America v. Penn Motor Co., 235 Pa. 194, 200; Root v. Republic Acceptance Corp., 279 Pa. 55, 60.

We are of opinion the court below properly concluded the trustees in bankruptcy were entitled to possession of the cars in question, and that judgment for their value was properly entered in their favor.

The judgment is affirmed.