## Wendel *v.* Smith et al.

*Bailment — Pledge — Automobiles—Change of possession—Tagging automobiles—Rights of creditors—Trustee in bankruptcy.*

1. A vendee or pledgeé of personal property who does not take possession of it, but leaves it in the custody and control of the vendor or pledgor, takes the risk of the integrity and solvency of the latter, and no title to the property passes to the vendee or pledgee as against bona fide purchasers or creditors of the vendor or pledgor.

2. Where automobiles which are pledged for the payment of notes, are left in the pledgor's possession with small shipping tags affixed stating that the cars are the property of the pledgee, no title passes as against the trustee in bankruptcy of the pledgor.

3. In such case, as the automobiles are readily movable, there must be an actual change in physical possession, if title is to pass as against creditors.

Argued October 4, 1927. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 170, March T., 1927, by Russell R. Yost et al., trustees in bankruptcy of Alvin Blough, individually and trading as Cambria Auto Co., intervening defendants, from judgment of C. P. Allegheny Co., June T., 1922, No. 726, on verdict for plaintiff, in case of D. H. Wendel v. W. C. Smith et al. Reversed.

Replevin for automobiles.  Before Evans, P. J.

The opinion of the Supreme Court states the facts. .

Verdict and judgment for plaintiff.  Intervening defendants appealed.

*Error assigned* was various rulings and instructions, quoting record.

*Russell M. Yost,* of *Graham & Yost,* with him *Frank P. Barnhart,* for appellants.—There was no evidence of such a delivery of possession of the automobiles in question as would take the case out of the general rule that where a vendor of personal property is left in possession of the articles sold, the vendee takes the risk of the integrity and solvency of his vendor, and the sale is fraudulent as to bona fide purchasers or creditors of the vendor: McKibbin v. Martin, 64 Pa. 352; Bowersox v. Weigle & Myers, 77 Pa. Superior Ct. 367; Riggs v. Bair, 213 Pa. 402.

*J. Earl Ogle, Jr.,* for appellee.—The tagging in this case was a proper and lawful notice of the change of possession.

Opinion by Mr. Justice Schaffer, November 28, 1927:

In this action of replevin D. H. Wendel, the plaintiff, asserts title to fourteen automobiles as against the claim thereto of the trustees in bankruptcy of Alvin Blough. The court below determined that plaintiff had established his right to the cars and we have this appeal by the trustees in bankruptcy.

Blough purchased the automobiles in the first instance and with them as collateral borrowed from Wendel a large part of the money necessary to pay the purchase price.  The form of the transaction between Blough and Wendel was that the former executed a note to the latter for the money advanced by him and pledged a cer-

tain automobile designated in the note as security there-
for; in addition, Blough, who was a garage keeper, gave
to Wendel a storage receipt for the car pledged.  The
cars were not at any time in Wendel's physical posses-
sion; as soon as they were paid for, largely through the
moneys advanced by Wendel, they were taken by Blough,
to whom they were sold and consigned, from the rail-
road company's possession, to his garage and salesroom
for sale by him.  Wendel testified that at the time of
each transaction he went to Blough's place of business
and took possession of the particular automobile which
was pledged and placed thereon, either on the instru-
ment board or on the steering wheel, a card about two
by four inches in size which stated that the car was his
property.  The cars remained in the possession of Blough
just as they had been before the tags were put on and it
was understood between Wendel and Blough that the
latter should sell them on condition that the note, for
which any car was pledged, should be paid from the pro-
ceeds of its sale.  Wendel apparently spent much time
at Blough's place of business endeavoring to aid in dis-
posing of the cars.

The real and controlling question in the case is
whether, by placing the tags on the cars, Wendel took
such possession of them as gave him title against
Blough's creditors.  It may be stated as a general legal
proposition that a vendee of personal property who does
not take possession of it but who leaves it in the custody
and control of the vendor takes the risk of the integrity
and solvency of the latter and no title to the property
passes to the vendee as against bona fide purchasers or
creditors of the vendor.  This we think is the sum of all
the cases from Clow v. Woods, 5 S. & R. 275.  The prin-
ciple rests not alone upon statute but upon grounds of
public policy, to prevent one of the most common forms
of fraud.  "The inclination of my mind is, to give the
statute a liberal, perhaps an enlarged construction, by
putting the rule, requiring a change of possession, on

grounds of public policy" per GIBSON, J., in Clow v. Woods, p. 280. "Where the motive of the sale is merely security to the vendee, and the owner is permitted to retain all the visible marks of ownership, for no other reason than the convenience of the parties, the contract will be void.......The law will not and ought not to permit the owner of personal property, to create an interest in another, either by mortgage or absolute sale, and still to continue to be the ostensible owner": Ibid., p. 279. We reviewed many of the cases involving retained possession of personal property by its vendor in Root v. Republic Acceptance Corp., 279 Pa. 55, where we said (p. 59) quoting from Bank of North America v. Penn Motor Car Co., "The rule is that a sale of personal property, leaving the vendor in possession and without doing anything to indicate a change of ownership, is fraudulent as against creditors. It would be dangerous to the public to countenance such transactions." What was here done, the putting of small tags on the automobiles, was not sufficient to indicate a change of ownership. There must be a change in physical possession if title is to pass against creditors to such things as automobiles, readily movable.

The testimony in this case shows how dangerous it would be to lay down the rule that tagging automobiles would sufficiently indicate a change of possession. A number of witnesses who were called did not see the tags. The constable who made the distress for rent just before the writ of replevin issued and who inspected the cars did not see them, nor did the person who went with him to make the levy; the landlord's agent who issued the distress warrant, who inspected the automobiles the day before it was served, said there were no tags on them except the factory tags; an appraiser who inspected and appraised the cars after the levy said they were without tags; the foreman of the garage in which they were kept said he never saw any tags on them until after the landlord's levy; one of the salesmen em-

ployed by Blough testified that prior to the landlord's levy he did not see any tags on the cars, but that after the levy and the appraisement he did; an insurance agent who inspected the cars for insurance purposes saw no tags on them prior to the rent levy, and the stockroom manager of the garage likewise said he saw no tags on them until after that time. It is quite conceivable, if we sanctioned such a practice as was here attempted, that we would have title to automobiles depending upon the size of tags, their location, the visibility of the inscription placed upon them, the question of time when they were alleged to have been placed and other like inconsequential things which would open up a fruitful field for chicane.

It would appear to us that the court below gave undue weight to the rule applicable to situations where personal property sold is not reasonably susceptible of actual delivery and where a constructive delivery is sufficient, such as in Goddard, Hill & Co. v. Leopold Weil & Co., 165 Pa. 419; McCullough v. Willey, 200 Pa. 168; White v. Gunn, 205 Pa. 229; this, however, is a case where actual delivery could easily have been made, and, therefore, the class of cases relied upon for the judgment below are inapplicable. The court should have given binding instructions for defendants or should have entered judgment in their favor non obstante veredicto.

It may be proper to add that in the conclusion to which we have come no consideration has been given to the Automobile Registration Act of May 24, 1923, P. L. 425, and its supplements, as the transactions involved in this case occurred prior to the passage of that act.

The judgment is reversed and is here entered for the intervening defendants.