## In re McCRORY.

District Court, W. D. Pennsylvania.   March 26, 1928.

No. 13761.

1. **Bankruptcy** ⬅︎⟶140(1)—**Bankrupt, having sold part of goods purchased and kept balance several months, could not rescind, and seller could not base right to possession on rescission.**

Where part of shipment of goods purchased by bankrupt had been sold, and the balance kept in his place of business and offered for sale for several months, he could not claim the right of rescission because of quality of chains purchased; hence no such alleged rescission could constitute basis for seller's claim to possession thereof.

2. **Bankruptcy** ⬅︎⟶178(1)—**Bankrupt's agreement to hold under consignment from seller goods previously purchased without change of possession held void against trustee (Bankr. Act, § 47 [11 USCA § 75]).**

Where bankrupt sold part of goods purchased from claimant, and paid claimant for goods so sold, and thereafter, on bankrupt's inability to pay for balance, parties agreed that remaining portion should be held by bankrupt under a consignment agreement, *held* that, in absence of change of possession, or marking of goods, or other notice to creditors that goods were not property of bankrupt, transfer to claimant was void as against creditors under law of Pennsylvania, and therefore void as against bankruptcy trustee, under Bankruptcy Act, § 47 (11 USCA § 75).

In Bankruptcy. In the matter of J. R. McCrory, trading as the J. R. McCrory Company, bankrupt. On rule issued on petition of the Frost Steel Products, Inc., requiring bankrupt's receiver to show cause why certain goods should not be turned over to petitioner. Rule dismissed, and petition denied.

A. O. Fording and Herbert H. Hawkins, both of Pittsburgh, Pa., and Fillius & Fillius and Robert G. Day, all of Warren, Ohio, for petitioner.

Wm. G. Bechman and Sachs & Caplan, all of Pittsburgh, Pa., for receiver.

GIBSON, District Judge.   Pursuant to petition of Frost Steel Products, Inc., a rule was issued upon the receiver of the bankrupt to show cause why certain chains, in the possession of the bankrupt when the receiver was appointed, should not be turned over to the petitioner. It was alleged by petitioner that said chains were its property, and had been in the possession of the bankrupt pursuant to a consignment agreement. The receiver answered the petition of the claimant, denying its right to receive the chains. Upon hearing it developed that the chains had originally been sold by the claimant to the bankrupt. It developed, after the chains had been in the possession of the bankrupt for several months, that he was unable to pay the full amount of the purchase price, and it was agreed between the claimant and the bankrupt that the latter should pay for that part of the shipment of chains which had been sold by him, and should hold the balance as consignee, paying for the chains as they were sold. The time or method for the reclamation of the chains by the claimant was not fixed by the agreement.

[1] The testimony of the claimant indicates that bankrupt, at the time the claimant was seeking to collect the purchase price of the chains from him, was making some complaint as to the quality of the chains, and was claiming a right to rescind the contract. The petition for reclamation of the chains has not mentioned any rescission of the sale. From the testimony, we are unable to find that any actual legal rescission of the contract of sale took place. It will be remembered that a part of the original shipment had been sold by the bankrupt, and that the balance had been kept in his place of business and offered for sale for several months. Under such circumstances, he could not claim the right of rescission. McGlinn v. Jackson, 86 Pa. Super. Ct. 562; Elk Textile Co. v. Cohen, 75 Pa. Super. Ct. 478; Breen v. Bowers, 82 Pa. Super. Ct. 552.

[2] Ignoring, as we must, the claim of rescission, we have a sale by claimant to the bankrupt, a sale of part of the shipment of chains by the bankrupt to his customers, a payment to the claimant by the bankrupt for the chains so sold by him, and the subsequent agreement that the remaining portion of the chains should be held by bankrupt under a consignment agreement. At the time such agreement was entered into, no change of possession occurred, nor by marking or otherwise was notice given to creditors that the chains in question were not the property of the bankrupt.

Under section 47 of the Bankruptcy Act (11 USCA § 75), the trustee in bankruptcy, as to all property in the custody or coming into the custody of the bankruptcy court, is deemed to be vested with all the rights of a creditor holding a lien by legal proceedings. By the law of Pennsylvania, a transfer of property such as was made in the instant case is void as against creditors. Bowersox v. Weigle, 77 Pa. Super. Ct. 367; Sterling Commercial Co. v. Smith, 291 Pa. 236, 139 A. 847; Wendel v. Smith, 291 Pa. 247, 139 A. 873.

The rule upon the receiver must be dismissed, and the petition of Frost Steel Products, Inc., denied.