From William F. Schutte, Beaver Falls, Pa.

# Doll v. Crooks et al.

*Johnson & McNarney,* for claimant, plaintiff in interpleader.
*Edwin W. Tompkins,* for defendant in interpleader.
*Johnson & McNarney,* for defendant in execution.

BAIRD, P. J., October 16, 1933.—In the above-entitled interpleader proceedings to determine the ownership of certain goods and chattels levied upon as the property of M. C. Sherwood at the suit of Millard Crooks, and claimed by Lottie Doll, the claimant plaintiff has taken a rule for judgment for want of a sufficient affidavit of defense.

The plaintiff, in her statement of the source of her title, avers that the "right of property" in said goods and chattels "was and still is" in her, and that "she derived title to said goods and chattels by purchase of the same with her own money from the said M. C. Sherwood and for which she holds bills of sale from the said M. C. Sherwood dated April 23, 1932, and November 3, 1932."

In his affidavit of defense, Millard Crooks, execution plaintiff, denies that the right of property in the goods and chattels set forth in plaintiff's statement was and still is in the said claimant plaintiff, or that she derived title to the said goods and chattels by purchase of the same with her own money from the said M. C. Sherwood, and avers, inter alia, that "any bills of sale that may have been made are in defraud [sic] of the creditors of M. C. Sherwood, and that the same were given for the purpose of defeating the collection of admitted obligations of the said M. C. Sherwood"; that "any alleged title which said claimant holds in said goods is for the advantage and benefit of M. C. Sherwood in defeating the just claims of his creditors"; and that "no adequate or valuable consideration was ever paid therefor in order to obtain title to said goods."

The tenth section of the Act of June 22, 1931, P. L. 883, requires that the defendant or defendants in an interpleader issue file an affidavit, "averring the grounds on which he questions the claimant's title", and provides for judgment for want of a sufficient affidavit of defense.

The grounds upon which the claimant plaintiff seeks judgment are in substance (1) that defendant's denials are bald, and therefore equivalent to admissions, and (2) that some of the averments of the affidavit, including those to which we have referred, are simply allegations that such may be the facts and not absolute declarations that such are the facts.

1. The first of the above positions is taken by the claimant on the theory that the requirements of the Practice Act of 1915 apply to interpleader proceedings. By the express terms of the Practice Act, it applies to actions of assumpsit and trespass, except actions of libel and slander, and it has been repeatedly held that it does not apply to other forms of action: Masitis v. St. Vincent B. & P. Society, 25 Dist. R. 991 (account render); Long et al. v. Stout, 11 D. & C. 85 (ejectment); Commonwealth ex rel. v. Dock et al., 6 D. & C. 7, 10 (quo warranto); Moore v. Newswanger et al., 11 D. & C. 49 (replevin); Anderson v. McHenry, 90 Pa. Superior Ct. 583 (ejectment).

2. The averments above quoted from the affidavit of defense are positive, and are not open to the objections made thereto by the claimant. There can be no question that they set forth the grounds on which the execution plaintiff questions the claimant's title, and in our opinion they are sufficient to prevent summary judgment.

At the argument, the execution plaintiff, one of the defendants here, gave notice that he would amend his affidavit of defense by alleging that possession of the property, the title to which is in dispute, was never delivered to the claimant, and that at the time of the levy thereon M. C. Sherwood, the defendant in the execution, was still in the possession thereof.

Since the argument, the affidavit of defense has been amended so as to include such an averment, and there can be no question that it is sufficient to take the case to the jury. For the purpose of judgment, the affidavit must be accepted as verity: Scott Mfg. Co. v. Morgan, 217 Pa. 367, citing Columbia National Bank v. Dunn, 207 Pa. 548.

"From the early case of Clow v. Woods, 5 S. & R. 275, to the latest declaration in Wendel v. Smith, 291 Pa. 247, it has uniformly been held in this State that there must be an actual or constructive delivery of property sold to protect against attaching or levying creditors of the seller, and, if nothing be shown which indicates an adequate change of possession, the transfer will constitute, as to them, a legal fraud": Shipler et al. v. New Castle Paper Products Corp., 293 Pa. 412, 420. See also section 26 of The Sales Act of May 19, 1915, P. L. 543, which provides: "Where a person having sold goods continues in possession of the goods, . . . and such retention of possession is fraudulent in fact or is deemed fraudulent under any rule of law, a creditor or creditors of the seller may treat the sale as void."

Where it appears that personal property which is the subject of a sheriff's interpleader had belonged to the defendant in the execution and it is found by the sheriff in his apparently continuing and uninterrupted possession and use, the burden is upon a person claiming through him to prove by sufficient evidence at least the constructive delivery of it: Hunter Const. Co. v. Lyons, 233 Pa. 561.

Now, October 16, 1933, the rule to show cause why judgment should not be entered in favor of Lottie Doll, claimant plaintiff, and against Millard Crooks, one of the defendants, for want of a sufficient affidavit of defense, is discharged.