Commonwealth Trust Company of Pittsburgh, Appellant, *v.* Cirigliano et al.

Argued March 20, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and JONES, JJ.

*Louis Vaira,* with him *John W. Cost,* for appellant.

*Zeno Fritz,* with him *Frank J. Zappala,* for appellees.

OPINION BY MR. JUSTICE DREW, April 9, 1945:

The bill in equity in this case is by a creditor to set aside an alleged fraudulent conveyance from a mother to her son where the only issue involved is whether a fair consideration was paid.

Plaintiff, Tony Gallo, in 1930 loaned defendant Carmela Cirigliano $3000.00, and upon her refusal to repay, he entered suit in assumpsit in 1936 and secured a verdict for $3650.00, the principal and interest, upon which he entered judgment. At the time that suit was brought she was the owner of a farm in Ohio Township, Allegheny County; before the verdict and judgment, in 1935, she conveyed the property to her son, Peter Cirigliano, the other defendant. The consideration mentioned in the deed was one (1.00) dollar. The affidavit of value accompanying the deed, pursuant to the Act of 1935, P. L. 203, 206, which requires ". . . the true, full, and complete value thereof . . ." to be stated, declared the conveyance to be a gift.

The bill alleges that Mrs. Cirigliano was insolvent when she made the conveyance, and that her son obtained the property without adequate consideration. The prayer is for annulment of the deed.

Defendants filed separate answers, similar in character, in which it was denied that the mother borrowed any money from plaintiff, and it was averred that her daughter had borrowed the money, (the same defense made in the assumpsit suit and rejected by the jury). The answers specifically admitted insolvency; that the conveyance was a gift; that the consideration mentioned in the deed was $1.00; and alleged that there was additional consideration, to wit, love and affection. Defendants attempted to show at the trial that the son promised to support his mother for the rest of her life and for this the property was conveyed.

The chancellor entered a decree dismissing the bill, and plaintiff's exceptions thereto were dismissed by the court en banc. This appeal followed. Plaintiff is mentally incompetent and the Commonwealth Trust Company of Pittsburgh, Guardian of his estate, has been substituted as plaintiff.

The chancellor did not make any specific finding that fair consideration was paid for the property. This was because the testimony was of such character and weight it would not support such a finding. The testimony, and the admissions in the answers, as well as the verdict of the jury, lead to but one conclusion, which should have been made a finding, that there was no fair consideration given for the deed and that the transfer was a fraud on creditors.

The burden was upon defendants, mother and son, to show by clear and satisfactory testimony that full and fair consideration was paid. This could only be done by establishing an express contract, clearly proved by direct and positive testimony and in terms definite and certain. "Mere loose declarations, suggested gratuities, anticipated benefactions and testamentary intentions

are insufficient to warrant a recovery": *Swieczkowski v. Sypniewski,* 294 Pa. 323, 330, 144 A. 141.

The testimony given concerning fair consideration was incompetent, or vague and indefinite. The testimony of the daughter was for the most part hearsay, and was improperly received over objections. She said that some eight years before the trial she heard her mother and brother agree that he would take care of the mother the rest of her life. The testimony of the mother, which was received over objection, was that her son had agreed to pay all her bills and respect her as his mother and support her for the rest of her life. And that for this she had conveyed the property to him. The son corroborated the mother. Such a consideration has been held invalid as to creditors.

In *Commonwealth v. Smith,* 344 Pa. 381, 25 A. 694, the mother had conveyed a property to her son and the deed was attacked by a creditor as being fraudulent because it was made without a fair consideration. There, as here, the son testified that the conveyance had been made to reimburse him for moneys he had laid out for his mother's support over a long period of years. The property had been conveyed to him in consideration of an agreement to support his mother in the future. In holding the conveyance invalid, this Court, speaking through Mr. Justice STERN, said (p. 384) : ". . . Even if true, and even though an agreement to that effect had been made in advance by mother and son, it would not defeat the rights of plaintiff, because, where a conveyance of property is made in consideration of an agreement to support the grantor in the future, it is invalid as to creditors if by the conveyance the grantor renders himself unable to pay his debts, the theory being that a conveyance whereby a debtor puts his property beyond the reach of his creditors under an agreement that it shall be devoted in any way to his own use is constructively fraudulent".

We have in mind the rule, often repeated by this Court, that findings of fact by a chancellor, supported by competent evidence, and approved by the court en banc, are binding.. This rule does not apply here because there is no finding whatever on the vital question of fair consideration. Indeed, if there were, it could not be supported because the pleadings and the testimony show clearly the contrary. The conclusion of law of the chancellor that the property was conveyed for a fair consideration was in no sense a "finding" based on the facts of the case. "A chancellor's findings which are not supported by the evidence, or which are based upon inferences erroneously taken, will not stand": *Gribben v. Carpenter*, 323 Pa. 243, 250, 185 A. 712.

Plaintiff was entitled to a decree on the bill and answer. Defendants had admitted in their answer that the mother was insolvent when she made the deed, and that the consideration was nominal and that it was a gift, and in addition that the deed was made for love and affection. This was not sufficient to prevent judgment on the pleadings. The rule is well settled that where a fact alleged in a bill is expressly admitted in the answer, no proof is required: 8 Stan. Pa. Prac. 246, section 357.

The learned court erred in its first and second conclusions of law, that there was a fair consideration, that the deed was not in fraud of creditors, and that the bill should be dismissed.

Decree reversed, bill reinstated and deed annulled; costs to be paid by appellee.