## Commonwealth v. Kloos et al.

A. *Frank Steiner*, for Commonwealth.
*John S. Lightcap, Jr.*, for defendants.

LAIRD, P. J., August 25, 1948.—The Commonwealth of Pennsylvania, Department of Public Assistance, files a bill on the equity side of the court, praying that a deed from Anna M. Kloos to Alcuin G. Kloos, her son, be declared to be fraudulent, void and of no effect and that defendant, Alcuin G. Kloos be enjoined from conveying or in any way encumbering the premises described in the deed; that Alcuin G. Kloos also be ordered to reconvey the premises to defendant, Anna M. Kloos, and that a decree be rendered in favor of plaintiff and against defendant, Anna M. Kloos, in the sum of $1,301.90, which shall be a lien against the aforesaid premises.

The matter arose by reason of some public assistance rendered to Anna M. Kloos and her family during the years 1937, 1938 and 1939 and by reason of the fact that Anna M. Kloos purchased a house and lot in Latrobe or Unity Township, while she was receiving assistance, which she afterwards deeded to her son, Alcuin G. Kloos.

The matter coming on for hearing, testimony was taken from which we have found the following facts:

*Findings of Fact*

1. Defendants Anna M. Kloos and Alcuin G. Kloos are mother and son and are residents of Latrobe, Westmoreland County, Pa.

2. Alcuin Kloos, husband of Anna M. Kloos, died December 27, 1933, leaving to survive him Anna M. Kloos, widow, and eight minor children, whose respective names and ages as of August 1937 were as follows: Alcuin, Jr., 17; Paul, 16; Irene, 15; Edwin, 13; Charles, 11; James, 10; Rita, 9; and Catherine, 5.

3. Over a period beginning August 18, 1937, and ending August 3, 1939, plaintiff herein issued 31 checks to defendant Anna M. Kloos in various amounts for public assistance aggregating the total sum of $1,329.57, all of which said checks were endorsed by defendant, Anna M. Kloos, and were paid by plaintiff.

4. By deed dated August 31, 1937, recorded in the Recorder's Office of Westmoreland County in Deed Book, Vol. 1006, page 108, Anna M. Kloos purchased from the receiver of the Peoples National Bank of Latrobe a certain house and lot of ground fronting 36 feet on James Street in that Borough, paying as the consideration therefor the sum of $2,250, which amount was financed as follows: $424.79, the sum total of life insurance received at the death of her husband; $1,100, borrowed from the First National Bank of Latrobe on a mortgage, and the balance raised from gifts, donations or loans from friends.

5. The amount of public assistance granted to defendant Anna M. Kloos and family by plaintiff was determined by plaintiff in budgeting defendant Anna M. Kloos and her family as a family group and that during a portion of the period beginning in August 1937 and ending in August 1939 plaintiff's budget for Anna M. Kloos and her family included a monthly allotment of $6.50 to be applied by defendant Anna

M. Kloos on the mortgage binding the property on lot no. 14 fronting 36 feet on James Street, Latrobe, Pa.

6. Defendant Anna M. Kloos and defendant Alcuin G. Kloos were included in the grant of public assistance made by plaintiff to defendant Anna M. Kloss and her family over the period beginning August 18, 1937, and ending August 3, 1939.

7. Neither before nor since November 24, 1942, has any part or portion of the public assistance granted to Anna M. Kloos and her family, to wit, the sum of $1,329.57 been repaid by defendants or either of them to plaintiff.

8. As of November 24, 1942, plaintiff was a creditor of defendant, Anna M. Kloos, to the extent, or in the amount of, $1,329.57.

9. By deed dated November 24, 1942, recorded in Deed Book, Vol. 1135, page 575, defendant Anna M. Kloos conveyed the premises therein described, to wit, house and lot no. 14, fronting 36 feet on James Street, Latrobe, Pa., as above described, to defendant, Alcuin G. Kloos, one of her children, and that the consideration for said premises as therein set forth was $1.

10. At the time of the conveyance by defendant Anna M. Kloos to defendant Alcuin G. Kloos a fair consideration or value for the property would have been $2,250.

11. That the funds, if any, contributed by defendant Alcuin G. Kloos to defendant Anna M. Kloos, from August 1937 to May 25, 1939, were not in excess of $3.50 per week, earned by defendant Alcuin G. Kloos, doing part time work at Kroger's Store and that the total pay received by defendant, Alcuin G. Kloos from all sources through the period beginning August 18, 1937, and ending August 3, 1939, could amount to only a portion of the fair market value of the property as of November 24, 1942.

12. If any contract existed between defendants herein, its terms were indefinite and uncertain and it was not in writing.

13. From August 1937 until August 1939 defendant Anna M. Kloos did not have the financial ability to reimburse plaintiff, and the conveyance by her of her real estate to her son, Alcuin G. Kloos therefore rendered her insolvent.

14. A fair consideration was not paid by Alcuin G. Kloos to Anna M. Kloos for the property in question.

## Discussion

In August 1937 Anna M. Kloos, one of the defendants, was a widow with eight children ranging in ages from five to seventeen, her husband having died in December 1933. Her oldest child, Alcuin, was born December 11, 1919, and he is also made a defendant herein.

At the time Anna M. Kloos made application for assistance, Alcuin was going to school in Latrobe and working part time at Kroger's Grocery Store, earning $3 a week. On August 31, 1937, Anna M. Kloos purchased a house and lot in the Borough of Latrobe and described in plaintiff's bill for $2,250, giving a mortgage for $1,100 and paying the balance in cash made up, according to her statements, of $424.79, insurance money received on the death of her husband, and by Christmas gift money and other money received at various times as gifts. However, she testified that she borrowed $700 or $750 from her cousin, Pius Roble; that the money received from Pius Roble was a loan, which Alcuin G. Kloos later repaid.

On September 13, 1938, Anna M. Kloos applied to plaintiff for assistance for herself and her eight children, including Alcuin, one of the defendants herein.

Pursuant to this application Anna M. Kloos received, all told, assistance amounting to $1,329.57.

Mrs. Kloos testified that a slip always accompanied the checks from the Commonwealth and that she had kept two of the slips of paper, which accompanied two relief or support payments. These two slips of paper were offered in evidence and marked Exhibits A and B. On the reverse side of Exhibit B are some figures, which Mrs. Kloos testified were her own figures or bookkeeping for money expended, the writing on the reverse side of Exhibit B, being, inter alia, as follows:

"April 1, D. of C.　　　　　$57.60" (the
　　amount of check dated March 17, 1939,
　　cashed April 3, 1939)
"April 3, 1939, Bank, $23.80"

These figures were not attempted to be explained by the defense, but it was attempted to erase them by scratching over them with a lead pencil.

The money payments to the First National Bank, mortgagee, on account of the mortgage were $20 per month with interest at six percent per annum; evidently this item of $23.80 on the reverse side of defendant's Exhibit B, referred to the monthly payment of debt and interest on the mortgage, and possibly insurance. Anna M. Kloos testified that the money payments on the mortgage "were supposed to be, if I recall correctly, I think supposed to be $20.00 a month, but I don't say that it was paid every month", and she testified that the monthly payments on account of the mortgage were made out of donations, gifts and Christmas money.

On May 25, 1939, Anna M. Kloos made affidavit before Miss Helen Snyder, a lady employed in the distribution of assistance in Westmoreland County, "that the statements made by her in her last application for assistance, dated 9-13-38 were true and correct and that no facts which should have been contained therein were omitted as of that date; that the statements made are still true and correct and that there

is no change in any of the facts contained in the application, except as follows: Family conditions and composition unchanged; case previously closed because of refusal to sign bond."

While Anna M. Kloos contends that she did not receive public assistance—nothing for herself—that what she received was mother's assistance, both Charles M. McCoy, county supervisor of Westmoreland County Board of Assistance, and Helen Snyder testified that she did receive assistance. Mr. McCoy testified that Mrs. Kloos was on the assistance rolls from August 1937 to August 1939 and that "she was included in the grant of assistance over that period." Miss Snyder, employed as a visitor and interviewer, testified that Mrs. Kloos stated at the time she made application for assistance that she was in destitute circumstances and that Alcuin, who at the time was 20 years of age, was included in the application.

In Department of Public Assistance v. Palmer et al., 45 D. & C. 590, defendant, as in the case at bar, denied that she personally received any of the assistance, which her husband had received for himself and family. In sustaining the Commonwealth's claim, the court held:

"The Support Law of June 24, 1937, P. L. 2045, makes the wife liable for the support of her husband and family, and also provides that any public agency may sue to recover funds expended for such relief." See also Commonwealth v. Mary E. Cioffi, December term, 1941, no. 52, in the Court of Common Pleas of Lycoming County, where the court held:

"Under such circumstances, the support of the family, as between the wife and the state, is an obligation primarily owed by her and if, by reason of her failure to discharge this obligation, the burden is shifted to the State, then the wife may be justly required to

make restitution." See also Department of Public Assistance v. Cucura, 45 D. & C. 549.

The Support Law of June 24, 1937, P. L. 2045, and the Public Assistance Law of June 24, 1937, P. L. 2051, should not be confused with the Mother's Assistance Law of July 10, 1919, P. L. 893, which was repealed by the later act. We understand that Mrs. Kloos had been receiving mother's assistance prior to the assistance herein mentioned. We are also of opinion that relief rendered destitute mothers for the benefit of their children under the Act of 1919, supra, cannot be recovered, but that is not the case at bar. The assistance mentioned herein was not rendered until after the repeal of the Mother's Assistance Act.

Defendants rely on Commonwealth, Department of Public Assistance v. Hornacek, 347 Pa. 596, but that case is not in point here. The case cited was an action of assumpsit brought to recover money advanced by the Commonwealth to a mother for the support of her children and while the controversy involved the interpretation of the several acts relating to public assistance, an appeal was taken to the Supreme Court because of the refusal of the lower court to enter judgment for want of a sufficient affidavit of defense, both courts holding that the questions at issue were questions of fact for a jury. In that case the Supreme Court said, quoting from page 599:

"If these payments were made to Mrs. Hornacek for her own account and she had property at the time the expenses were incurred (§4, Support Law), she is liable for repayment to the extent of such advances and property: Reiver's Est., supra. At common law there is an implied duty on the part of a recipient of public assistance to make reimbursement if able to do so: Waits Est. 336 Pa. 151, 7 A. 2d 329.

"Likewise, if these payments were for the benefit of the children at a time when the children possessed

estates of their own, their estates would be liable for the assistance given: Reiver's Est., supra."

We have already found as a fact that both defendants herein were included in the grant of public assistance made by plaintiff over the period beginning August 18, 1937, and ending August 3, 1939, and that no part or portion of the public assistance granted to Anna M. Kloos and her family has been returned or repaid; that on November 24, 1942, plaintiff was a creditor of defendant, Anna M. Kloos, to the extent or in the amount of $1,329.57 and that by deed dated November 24, 1942, defendant, Anna M. Kloos, conveyed her property to her son and codefendant, Alcuin G. Kloos, the consideration therefor being $1.

In Waits' Estate, 336 Pa. 151, the court held there was an implied duty on the part of the recipient of assistance to pay. In Reiver's Estate, 343 Pa. 137, the court held that recovery should be had to the amount of the property owned by the recipient at the time the assistance was received, and in Commonwealth Trust Company of Pittsburgh v. Cirigliano et al., 352 Pa. 108, the court held that in a proceeding in equity to set aside an alleged fraudulent conveyance, in which it is admitted that grantor made the conveyance while insolvent, the burden is upon defendants to show by clear and satisfactory testimony that full and fair consideration was paid for the property and that a conveyance of property in consideration of an agreement to support grantor in the future, which makes grantor unable to pay his debts is invalid as to creditors.

We are, therefore, constrained to believe that the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, 39 PS §351 et sec. applies and that the conveyance of the property on James Street, Latrobe, Pa., by Anna M. Kloos to her son, Alcuin G. Kloos,

for $1 was in fraud of creditors and that plaintiff's bill should be sustained and its prayers granted.

We are of opinion, therefore, that defendants have not met the burden the law imposes upon them. We believe that it was the duty and obligation of defendant, Anna M. Kloos, to repay the Department of Public Assistance as, if and when she could and that the Commonwealth of Pennsylvania, Department of Public Assistance, was a creditor of Anna M. Kloos at the time she conveyed her house and lot to Alcuin G. Kloos for $1; that a fair consideration for the property would have been $2,250, and that by the conveyance she rendered herself insolvent.

The amount of the checks received by defendant Anna M. Kloos, Exhibits 1 to 31, is $1,329.57. However, the amount sued for, as disclosed by Exhibit A attached to the bill of complaint, is the sum of $1,301.90. Therefore judgment can only be entered for $1,301.90.

### Conclusions of Law

1. That the conveyance of her real estate by Anna M. Kloos to her son, Alcuin G. Kloos, was a fraud upon the creditors of Anna M. Kloos.

2. Alcuin G. Kloos should be restrained from conveying or in any way encumbering the premises on James Street, Latrobe, Pa., conveyed to him by his mother.

3. Alcuin G. Kloos should be directed to reconvey the property mentioned above to defendant Anna M. Kloos.

4. That the Recorder of Deeds of Westmoreland County should be directed to mark on the face of the record of the aforesaid deed in Deed Book 1135, page 575, the words "this deed declared void by order of Court." See no. 1995 in equity.

5. That judgment should be entered in favor of plaintiff and against defendant Anna M. Kloos in the

sum of $1,301.90, which should be made a lien against the premises from the date hereof.

6. That Anna M. Kloos and Alcuin G. Kloos should pay the costs of this proceeding.

### Decree Nisi

And now to wit, August 25, 1948, after hearing, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the conveyance of real estate by Anna M. Kloos to Alcuin G. Kloos, by deed dated November 24, 1942, and recorded in the office of the Recorder of Deeds in and for Westmoreland County, Pa., in Deed Book, Vol. 1135, page 575, more particularly described as follows: . . . be and the same is declared fraudulent, void and of no effect; that Alcuin G. Kloos be and he is hereby restrained from conveying or in any way encumbering the aforementioned and described premises; that Alcuin G. Kloos be and he is hereby directed to reconvey the said property to Anna M. Kloos; that the Recorder of Deeds of Westmoreland County be and she is hereby directed to mark in red ink on the face of the record of the aforesaid deed recorded in Deed Book 1135, page 575, the words "This Deed declared void by order of Court, see No. 1995 in Equity", and make a similar notation on the margin of the grantor's and grantee's index, where the deed is indexed; that judgment be and the same is hereby entered in favor of plaintiff, the Commonwealth of Pennsylvania, Department of Public Assistance, and against defendant Anna M. Kloos in the sum of $1,301.90, which shall be a lien against the aforementioned and described premises from the date hereof and that the costs of this proceeding shall be paid by defendants, Anna M. Kloos and Alcuin G. Kloos; this decree nisi to become absolute in 10 days if no exceptions are filed thereto.