## Clark, Appellant, *v.* Beltz.

Argued March 29, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Frank D. Llewellyn,* for appellant.

*Irving W. Coleman,* for appellees.

OPINION BY GUNTHER, J., July 21, 1955:
This is a suit in equity to declare certain transfers

fraudulent. Plaintiff was a creditor of defendant Harry E. Beltz and obtained a judgment by default against him November 14, 1951, for $1,382.37. This defendant was in the bottled gas business, and two days before judgment was entered, transferred all his gas equipment to his sister, the defendant Cora Beltz. He also transferred a truck and a car to the defendant Raymond Lentz during the time he owed money to plaintiff. The two transferee defendants were called by plaintiff as for cross examination and testified as to the transfers and the consideration therefor. The court below found that the transfers were not fraudulent and plaintiff has appealed.

Plaintiff contends first that the transfers should have been deemed fraudulent because there was no delivery of possession. The tanks or cylinders of gas remained in the custody of customers, who were using the gas therein. The court below held that this was a sale of goods in the hands of a bailee, in which case delivery of the goods is not required to make a bona fide sale of personalty. This was a proper statement of the law and the only finding and conclusion that could be made under the testimony. Since the gas tanks were of necessity in the hands of customers, no formal delivery was required. *Selznick v. Holmes Pittsburgh Automobile Co.*, 275 Pa. 1, 118 A. 553.

However, the appeal is well taken as to the transfer of the car. Defendant Raymond Lentz testified that he bought Harry E. Beltz's Pontiac in October, 1950, at which time Beltz was admittedly indebted to plaintiff. The certificate of title was transferred at that time, but Lentz never took possession until two years later, when, on November 5, 1952, he sold it to a used car dealer. A buyer of an automobile who does not take possession but leaves custody in the seller takes the risk of the seller's insolvency and integrity and no title

passes as against seller's creditors. *Wendel v. Smith*, 291 Pa. 247, 139 A. 873; *Bowersox v. Weigle & Myers*, 77 Pa. Superior Ct. 367. Lentz testified that he received $1,300 on the sale of the car, but this was directly repudiated by the ultimate purchaser who testified that he gave no money to Lentz, but instead turned over to Cora Beltz a Buick worth some $2,050, on which he gave her a $1,300 credit for the Pontiac sold him by Lentz. In view of the obvious complicity of Cora Beltz in this entire scheme, she is in effect one of the fraudulent transferees of this Pontiac, which has since been transformed into a $1,300 credit on her Buick. The court below failed to make findings in respect to lack of delivery to Lentz of this car, thereby overlooking clear evidence. The testimony as to the truck, since sold by Lentz, is vague as to delivery and we cannot reverse the court below in its findings that that was a valid transfer.

Plaintiff also attacks the findings of fair consideration. The court below found that each of these transfers was for a full and fair consideration in the nature of cash or release of preexisting debts from Harry Beltz to the other defendants. The entire situation seems suspicious, but the chancellor's findings are supported by sufficient competent evidence and we are bound thereby. *Com. Trust Co. v. Cirigliano*, 352 Pa. 108, 41 A. 2d 863.

The last assignment of error complains of the failure to declare the sale of the gas equipment fraudulent because the seller retained a benefit. The bill of sale to Cora Beltz provides that the seller Harry Beltz shall continue to distribute gas to the consumers, make installations and receive a percentage of the profits. The testimony discloses that he continued to operate the business to all outward appearances. Apparently no effort was made to notify any customer of the trans-

fer nor were creditors given any type of notice whatsoever. A conveyance whereby a debtor puts his property beyond the reach of his creditors under an agreement that it shall be devoted in any way to his own use is constructively fraudulent. *Com. Trust Co. v. Cirigliano,* supra; *Com. v. Smith,* 344 Pa. 381, 25 A. 2d 694. The delivery of the gas equipment, which of necessity would be constructive or symbolic since in the possession of the customers, was clearly not in any way brought home to anyone, customer or creditor. In such a situation, the employment of the seller in a capacity indicating continued ownership is fraudulent. *McKibben v. Martin,* 64 Pa. 352; *Bowersox v. Weigle & Myers,* supra.

The entire scheme disclosed by this record raises strong suspicions of fraud. The debtor removed property from the grasp of his creditor by transferring his assets to his sister for alleged pre-existing debts yet continued to operate the business. In addition a man whom he hardly knew took an assignment of his car, yet left it in the possession of the debtor for two years, then traded it in for another car which went to the debtor's sister. Surely such a series of events could be construed as an intent to hinder, delay and defraud the creditor. Since the court below either failed to make findings or made findings unsupported by the testimony, as we have indicated in respect to delivery and retention of benefits, we are not bound thereby. The sale of the gas equipment and the Pontiac car should be declared fraudulent. Since the value of the car found its way into the car now owned by Cora Beltz, the latter can be declared subject to execution.

Judgment reversed and the record is remanded with directions to the court below to enter an order for plaintiff's relief consistent with this opinion.

RHODES, P. J. concurs in the result.